UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND                    :
12516 Degas Lane
Dallas, TX 75230                         :

      Plaintiff,                       :

  v.                                     :

CASSIDY & PINKARD, INC.                  :
1750 Tysons Boulevard, Suite 110
McLean, VA 22102                         :

SERVE:   CT Corporation System           : Case No.
         1015 15th Street, N.W., Suite 1000
         Washington, DC 20005            :

  and                                    :

CASSIDY & PINKARD PROPERTY               :
SERVICES LLC
2001 Pennsylvania Avenue, Suite 800      :
Washington, DC 20006
                                         :
SERVE:   Abraham J. Greenstein
         1620 L Street, N.W., Suite 900
         Washington, DC 20036            :

                                         :
  and
                                         :
STANDARD PARKING CORPORATION
2450 Crystal Drive                       :
Arlington, VA 22202
                                         :
SERVE:   CT Corporation System
         1015 15th Street, N.W., Suite 1000
         Washington, DC 20005            :

  and                                    :

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

STANDARD PARKING CORPORATION IL :
900 N. Michigan Avenue, Suite 1800
Chicago, IL 60611                    :

                                     :

SERVE:   CT Corporation System
         1015 15th Street, N.W., Suite 1000  :
         Washington, DC 20005

                                     :

    and
                                     :

STANDARD PARKING L.P.
900 N. Michigan Avenue, Suite 1800   :
Chicago, IL 60611

                                     :

SERVE:   Prentice-Hall Corporation Systems, Inc. :
         1090 Vermont Avenue, N.W.
         Washington, DC 20005        :

    and                              :

APCOA, INC.                          :
900 N. Michigan Avenue, Suite 1800
Chicago, IL 60611                    :

SERVE:   CT Corporation System       :
         1015 15th Street, N.W., Suite 1000
         Washington, DC 20005        :

    and                              :

AGW & ASSOCIATES, INC.               :
7646 Lee Highway
Falls Church, VA 22042               :

SERVE:   Martin H. Weik III          :
         2032 North Taylor Street
         Arlington, VA 22207         :

         **Defendants.**             :

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

# COMPLAINT
### (Premises Liability – Inadequate Security in Commercial Office Building - Negligence – Negligent Infliction of Emotional Distress – Gross Negligence)

## JURISDICTION AND VENUE

1. Jurisdiction of this court is founded upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. Section 1332. The amount in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand ($75,000.00) Dollars.

2. Venue is appropriate in this forum pursuant to 28 U.S.C. Section 1391(a), since the events occurred in the District of Columbia.

## PARTIES

3. Plaintiff Donald Wright Sigmund (hereinafter "Wright Sigmund") is a citizen of the state of Texas.

4. Defendant Cassidy & Pinkard, Inc. was at all relevant times herein, the property manager of the property located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Defendant Cassidy & Pinkard, Inc. was at all relevant times herein, responsible for the management and security of the parking garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant Cassidy & Pinkard, Inc. was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

5. Upon information and belief, Defendant Cassidy & Pinkard Property Services LLC was at all relevant times herein, responsible for the management and

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

security of the building, including the parking garage, located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant Cassidy & Pinkard Property Services LLC was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

6. Upon information and belief, and at all times relevant herein, Defendant Standard Parking Corporation was the operator and supervisor of the parking garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, Defendant Standard Parking Corporation was responsible for the management and security of the garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant Standard Parking Corporation was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

7. Upon information and belief, and at all times relevant herein, Defendant Standard Parking Corporation IL was responsible for the management and security of the garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant Standard Parking Corporation IL was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

8. Upon information and belief, and at all times relevant herein, Defendant Standard Parking L.P. was responsible for the management and security of the garage

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant Standard Parking L.P. was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

9. Upon information and belief, and at all times relevant herein, Defendant APCOA, Inc. was responsible for the management and security of the garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant APCOA, Inc. was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

10. Upon information and belief, and at all times relevant herein, Defendant AGW & Associates, Inc. was responsible for the maintenance and repairs of the parking garage door and/or vehicle entrance located at 5225 Wisconsin Avenue, N.W., Washington, D.C. 20015. Upon information and belief, and at all times relevant herein, Defendant AGW & Associates, Inc. was a foreign corporation, licensed to do business in, and conducted such business in, the District of Columbia.

11. Upon information and belief, and at all relevant times herein, Defendants Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking L.P., APCOA, Inc., and AGW & Associates, Inc. were acting as employees, agents, and/or servants of Defendants Cassidy & Pinkard, Inc. and/or Cassidy & Pinkard Property Services LLC.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

## FACTS

12. On July 12, 2002, at approximately 2:00 p.m., Plaintiff Wright Sigmund opened the driver's door and entered the Chevrolet Blazer owned by his father, Donald Sigmund, which was parked in the underground parking garage of 5225 Wisconsin Avenue, N.W., Washington, D.C., 20015, (hereinafter "5225 Wisconsin Avenue").

13. As Wright Sigmund entered the Blazer, the vehicle violently exploded as a result of two hidden pipe bombs which had been placed in the vehicle by his half-brother Prescott Sigmund.

14. Although virtually his whole body was engulfed in flames, Wright Sigmund managed to escape from the burning Blazer and fell to the concrete floor of the parking garage.

15. The explosion and fire severely burned Plaintiff's buttocks, thighs, and underlying muscle tissue and caused massive internal injuries. Wright Sigmund almost bled to death in the parking garage, and he will never fully recover from his injuries.

16. As a result of being blown up by the car bomb, Plaintiff spent three weeks in the Intensive Care Unit at the Washington Hospital Center, and remained hospitalized continuously for more than two months following the explosion. Plaintiff has undergone more than twenty-three surgeries as a result of the blast, has required multiple hospitalizations, and will require future medical care and treatment for the remainder of his lifetime.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

17. Upon information and belief, Prescott Sigmund planned the car bombing with the intention of killing his father, Donald Sigmund.

18. At all relevant times herein, Donald Sigmund was an executive with Wolf & Cohen, an insurance firm whose office was located in 5225 Wisconsin Avenue. During the summer of 2002, Plaintiff Wright Sigmund was working for his father in his office at the same location.

19. On the afternoon of July 10, 2002, Donald Sigmund parked his Blazer in the underground parking garage located at 5225 Wisconsin Avenue.

20. Upon information and belief, access to the building located at 5225 Wisconsin Avenue was controlled with keycards after hours and on weekends and holidays.

21. Upon information and belief, the parking garage located at 5225 Wisconsin Avenue was controlled with keycards after hours and on weekends and holidays. However, the parking garage outside door, otherwise referred to as the vehicle entrance, was broken for a period of several weeks. Thus, the parking garage was left completely open and unlocked by the Defendants, allowing for any and all vehicles and persons to enter the parking garage after hours and on weekends and holidays unsupervised.

22. On or about the evening of July 10, 2002, Prescott Sigmund drove his vehicle into the unlocked and unsupervised parking garage located at the 5225 Wisconsin Avenue office building. Upon information and belief, Prescott Sigmund was

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

aware of the poor security of the building in question and specifically chose this parking garage due to its complete lack of security measures.

23. After Prescott Sigmund entered the parking garage, he planted the pipe bombs in Donald Sigmund's Blazer. Upon information and belief, the planting of the pipe bombs took several hours.

24. On Friday, July 12, 2002, Donald Sigmund asked his son Plaintiff Wright Sigmund to use the Blazer to run an errand. In response to his father's request, at approximately 2:00 p.m. that afternoon, Wright Sigmund stepped into the Blazer, and as he did so, the booby-trapped vehicle violently exploded leaving Wright with catastrophic injuries.

## COUNT I
### (Negligence: Failure to maintain a safe and secure building—All Defendants)

25. Plaintiff incorporates, by reference, paragraphs 1 through 24 above, and further alleges that it was the duty of the named Defendants, as property managers, supervisors, overseers, and/or maintenance providers of the building, including the garage in question, to maintain the property in a reasonably safe and secure condition, to exercise reasonable care in the inspection and maintenance of the property so as to conform to building security standards in place at similar properties, to exercise reasonable care in the inspection and maintenance of the property so as to avoid subjecting the tenants and their guests to hidden hazards or dangers, including those dangers that occur as a result of insufficient building security, to otherwise exercise reasonable care in the inspection and maintenance of the property, and to promptly

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

repair and/or warn of any and all hazardous, dangerous and/or unsafe conditions in the property.

26.  Notwithstanding said duties, Defendants, through their employees, servants, and/or agents, directly and vicariously, negligently and carelessly allowed the property located at 5225 Wisconsin Avenue to remain in an unsafe and insecure condition despite the fact that the Defendants knew, or in the exercise of reasonable care, should have known, that the condition of the premises was insecure and, therefore, extremely hazardous and presented an unacceptable risk of harm to lawful users of the commercial property.

27.  Defendants, through their employees, servants, and/or agents, directly and vicariously, were negligent, in among other things, failing to conduct reasonable and appropriate inspections of the property, to detect dangerous and insecure conditions, particularly dangerous conditions which were hidden to users of the property; in failing to correct or repair the dangerous and unsafe condition created by the unlocked and completely wide-open parking garage door and/or vehicle entrance; in failing to adequately secure interior stairwells to prevent unauthorized access to the building including the parking garage; in failing to have appropriate security devices such as cameras and adequate lighting installed throughout the building, including the parking garage; in failing to warn tenants and other authorized users of the property of the dangerous and insecure condition of the building, including the vehicle entrance door, interior stairwells, and parking garage; in failing to inspect and maintain the property in

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

- 9 -

conformity with any and all building security practices in use at similar properties; in failing to hire appropriate and qualified building security professionals to inspect the property and determine hidden and/or latent security hazards; and in otherwise failing to take reasonable and appropriate measures under the circumstances to correct and/or warn of the dangers and hazards associated with the lack of appropriate building security at 5225 Wisconsin Avenue.

28. Plaintiff Wright Sigmund's resulting injuries were the direct and proximate result of the Defendants' negligent and/or careless conduct, including but not limited to, failing to inspect the property, failing to correct obvious and/or known defective conditions on the property, failing to maintain the property in conformity with any and all applicable building security standards, failing to have appropriate security measures installed and in place throughout the entire building, including the parking garage, and in failing to otherwise maintain the property in a reasonably safe condition for tenants and/or visitors.

29. As a direct result of the negligence of the Defendants, the Plaintiff sustained severe injuries which caused him great physical and mental pain. Some or all of Plaintiff's injuries are permanent in nature.

30. As a further direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered and will continue to suffer a loss of earnings and wage-earning capacity, has incurred and will continue to incur substantial expenses for

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 10 -

medical care and attention, and has suffered and will continue to suffer much physical pain, suffering, mental anguish, and other injuries and damages.

## COUNT II
### (Negligent Infliction of Emotional Distress—All Defendants)

31. Plaintiff incorporates, by reference, paragraphs 1 through 30 above, and further alleges that Wright Sigmund suffered and will continue to suffer from tremendous emotional and mental distress as a result of the injuries received on July 12, 2002.

32. The said Defendants, through their employees, servants, and/or agents, directly and vicariously, knew or should have reasonably known, in the exercise of ordinary care, that proper and appropriate security measures throughout the commercial office building and parking garage would have prevented criminals such as Prescott Sigmund from gaining access to the building and that the failure to exercise ordinary care in this respect constituted a potential for serious bodily danger to lawful users of the building, including the Plaintiff.

33. As a direct and proximate result of the acts and/or omissions of the Defendants, Wright Sigmund feared for his own life and safety, suffered severe mental anguish and emotional distress, aggravation, frustration, and incurred other emotional losses. Plaintiff will continue to experience emotional and mental pain for the rest of his life as a result of his permanent medical problems and permanent injuries and damages.

34. Plaintiff further alleges that as a direct and proximate result of the negligent acts and/or omissions of the Defendants, as set forth above, the Plaintiff has

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

suffered and will continue to suffer a loss of earnings and wage-earning capacity, has incurred and will continue to incur substantial expenses for medical care and attention, and has suffered and will continue to suffer much physical pain, suffering, mental anguish and other injuries and damages.

## COUNT III
### (Gross Negligence – All Defendants)

35.  Plaintiff incorporates, by reference, paragraphs 1 through 34 above, and further alleges that the conduct of the Defendants was grossly negligent and/or proceeded with reckless disregard for the safety of lawful users of the commercial office building such as Plaintiff Wright Sigmund.

36.  The Defendants knew and/or should have reasonably known in the exercise of ordinary care, that the inadequate security measures in place on July 12, 2002 at the commercial office building located at 5225 Wisconsin Avenue would result in encouraging and/or failing to deter criminal conduct on the premises and constituted a grave potential danger to lawful users of the property such as Plaintiff Wright Sigmund.

37.  As a direct and proximate result of the grossly negligent and/or reckless conduct of the Defendants, through their employees, servants, and/or agents, directly and vicariously, Wright Sigmund nearly bled to death, his thighs and buttocks were burned off of his body, and the underlying muscle tissue was destroyed, in addition to other serious life threatening internal injuries and pain and suffering. Most of the injuries are permanent in nature.

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

38. Plaintiff further alleges that as a direct and proximate result of the negligent acts and/or omissions of the listed Defendants, through their employees, servants, and/or agents, directly and vicariously, as set forth above, the Plaintiff has suffered and will continue to suffer a loss of earnings and wage-earning capacity, has incurred and will continue to incur substantial expenses for medical care and attention, and has suffered and will continue to suffer much physical pain, suffering, mental anguish and other injuries and damages.

WHEREFORE, Plaintiff Wright Sigmund, demands judgment against the Defendants, jointly and severally, in the full and just amount of Fifteen Million Dollars ($15,000,000.00), plus interest and costs.

### JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all of the above claims.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC

By_____
Thanos Basdekis          #463692
Paul Cornoni             #489398
1919 M Street, N.W., Suite 350
Washington, DC  20036-3521
PH: (202) 463-3030
Attorneys for Plaintiff

Regan,
Halperin & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030