UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD W. SIGMUND

    Plaintiff

v.

CASSIDY & PINKARD, INC., et al.

    Defendants

: Civil Action No: 1-05-cv-01366
: Judge Henry H. Kennedy

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendants, CASSIDY & PINKARD, INC. and CASSIDY & PINKARD PROPERTY SERVICES, LLC by and through their attorneys, BUCK, MIGDAL & MYERS, CHARTERED, submit this Memorandum of Points and Authorities in support of their Motion to Dismiss.

Courts have traditionally frowned upon having two lawsuits seeking the same relief pending at the same time. The general rule is to allow the case that was filed first to proceed, since that court has already established jurisdiction and advanced the litigation process. In this instance, the case of <u>Sigmund v. Starwood Urban Investment, et al.</u> was filed two years prior to the instant case and discovery in the first lawsuit is almost at an end. Plaintiff is seeking identical relief in both lawsuits.

In the case of <u>Washington Metro Area Trans. V. Ragonese</u>, 617 F.2d 828 (D.C. Cir. 1980), the court discussed its reluctance to have two identical cases pending in different jurisdictions. The court stated in page 830 "considerations of comity and orderly administrations of justice dictate that two courts of equal authority should not hear the same case simultaneously" (citations omitted). Court have observed this rule even in situations

LAW OFFICES
BUCK,
MIGDAL & MYERS
CHARTERED

P.O. BOX 2400
ANNAPOLIS, MD 21404

(410) 263-8855

where the parties are not identical in each of the two cases at issue. In <u>Hilton Hotels Corp. v. Weaver</u>, 325 F.2d 1010 (D.C. Cir. 1963), the court dismissed the lawsuit filed against a federal official where the Plaintiff had previously sued private parties and a state official seeking the same relief. The court stated its reasoning as follows:

> If the present appellants had obtained in the Third Circuit the relief there sought, the controversy would have been effectively concluded. We are satisfied that in the interest of comity and the orderly administration of justice, we should not attempt to reexamine the matters considered and resolved by the third circuit, a court having authority equal to our own.

See also <u>Marshall v. District Unemployment Compensation Board</u>, 377 A.2d 429 (1977), citing the <u>Weaver</u> case with approval.

In the case of <u>Coates v. Ellis</u>, 61 A.2d 28, 30 (D.C. App. 1948) the court stated:

> It has been held time and time again that in the interest of orderly procedure and to avoid unseemly conflict, the court which first acquires jurisdiction over a controversy should maintain and exercise that jurisdiction to the exclusion of a court in which a subsequent action is taken.

See also <u>Herman v. Siney</u>, 198 2.d 650 (D.C. App. 1963). Since the case before Judge Huvelle established jurisdiction over this controversy two years ago, no subsequent action should be allowed whether it be filed in this court or elsewhere.

Here the Plaintiff has not only initiated a second lawsuit arising out of the same incident and claiming the same damages but he is effectively circumventing Judge Huvelle's scheduling order which required new parties to be named by October 30, 2003. The complications that would arise by allowing two cases to proceed simultaneously are self-evident. Should the parties in the second action file third party complaints against the defendants in the first action, those third party defendants would have to participate in two separate cases against the same Plaintiff essentially arguing the same position. Plaintiff has

LAW OFFICES
BUCK,
MIGDAL & MYERS
CHARTERED

P.O. BOX 2400
ANNAPOLIS, MD 21404

(410) 263-8855

2

waited to file this lawsuit until the end of the limitations period even though he deposed the corporate designee from Cassidy & Pinkard last year. All things considered, it is unfair and unreasonable to allow the second action to go forward especially since the first case has not been resolved.

Plaintiff should not be allowed to prosecute multiple actions especially since Cassidy & Pinkard was not a party to the first lawsuit but may be bound by a decision in that case which has been ongoing for over two years. In other words, issues of <u>res judicata</u> and collateral estoppel abound here. The fact that Plaintiff failed to join all parties in that first lawsuit or even seek permission from the court to add additional parties after the court's deadline, do not entitle Plaintiff to bring the instant lawsuit at this time.

BUCK, MIGDAL & MYERS, CHTD.

By: Steven R. Migdal
Bar #: 212159
23 West Street
P.O. Box 2400
Annapolis, Maryland 21404-2400
(410) 263-8855
Attorneys for Defendants, Cassidy & Pinkard, Inc. and Cassidy & Pinkard Property Services, LLC

LAW OFFICES
BUCK,
MIGDAL & MYERS
CHARTERED

P.O. BOX 2400
ANNAPOLIS, MD 21404

(410) 263-8855

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2005, a copy of the foregoing Memorandum of Points and Authorities was mailed postage prepaid to:

Thomas Basdekis, Esq.
Paul Cornoni, Esq.
Regan, Halperin & Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036-3521
Attorneys for Plaintiff

Standard Parking Corporation
2450 Crystal Drive
Arlington, Virginia 22202
Defendant

Standard Parking Corp., II
APCOA, Inc.
900 N. Michigan Avenue, Suite 1800
Chicago, IL 60611
Defendants

AGW & Associates, Inc.
7646 Lee Highway
Falls Church, Virginia 22042
Defendant

_____
Steven R. Migdal

LAW OFFICES
BUCK,
MIGDAL & MYERS
CHARTERED

P.O. BOX 2400
ANNAPOLIS, MD 21404

(410) 263-8855