UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WRIGHT SIGMUND<br>12516 Degas Lane<br>Dallas, TX 75230<br><br>              Plaintiff<br><br>      vs.<br><br>CASSIDY & PINKARD, INC.<br>1750 Tysons Boulevard, Suite 110<br>McLean, VA 22102<br>    and<br>CASSIDY & PINKARD PROPERTY<br>  SERVICES LLC<br>2000 Pennsylvania Avenue, Suite 800<br>Washington, D.C. 20006<br>    and<br>STANDARD PARKING CORPORATION<br>2450 Crystal Drive<br>Arlington, VA 22202<br>    and<br>STANDARD PARKING CORPORATION<br> IL<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>    and<br>STANDARD PARKING, L.P.<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>    and<br>APCOA, INC.<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>    and<br>AGW & ASSOCIATES, INC.<br>7646 Lee Highway<br>Falls, Church, VA 22042<br><br>              Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No.: 1:05CV01366<br>: Judge: Henry H. Kennedy<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT, AGW & ASSOCIATES, INC.'S
MOTION TO DISMISS**

Comes now the defendant, AGW & Associates, Inc., by and through its attorneys, McCarthy Wilson LLP, and Thomas Patrick Ryan, and pursuant to Rule 12 (b) (6) of the <u>Federal Rules of Civil Procedure</u> files this Motion to Dismiss the Plaintiff's claim for failure to state a claim upon which relief can be granted, and for reasons states:

1. That the plaintiff has filed suit against a number of defendants, arising from an incident on or about July 12, 2002, when he was attempting to enter a motor vehicle owned by his father, which was parked in the underground parking garage of 5225 Wisconsin Avenue, N.W., Washington, D.C. (Complaint, paragraph 12);

2. That the plaintiff alleges that when he attempted to enter the vehicle, the vehicle violently exploded as a result of two hidden pipe bombs which had been placed in the vehicle by his half brother in an effort to murder their father, the owner of the vehicle. (Complaint, paragraph 13);

3. That AGW & Associates, Inc., is alleged to have been a contractor responsible for maintenance and repairs of the parking garage door or vehicle entrance at the subject premises, which was allegedly broken and is therefore apparently claimed to have been a means of access to the garage, and therefore to the subject vehicle. (Complaint, paragraph 10);

4. That as set forth more fully in the accompanying Memorandum of Points and Authorities, this Complaint fails to state a

claim upon which relief can be granted against this defendant, and under District of Columbia law applicable to this diversity case, this defendant is entitled to be dismissed from the subject action.

WHEREFORE, defendant AGW & Associates, Inc. prays:

1. That its Motion to Dismiss this case for failure to state a claim upon which relief can be granted should be granted by the Court;

2. That the Court dismiss AGW & Associates, Inc., with prejudice from the subject action.

Respectfully submitted,

McCARTHY WILSON LLP


by:    /s/
Thomas Patrick Ryan (348862)
100 South Washington Street
Rockville, MD 20850
(301) 762-7770
Attorneys for Defendant,
AGW & Associates, Inc.

### REQUEST FOR HEARING

Defendant, AGW & Associates, Inc., requests a hearing on all issues contained herein.

/s/
Thomas Patrick Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD WRIGHT SIGMUND    :
                         :
         Plaintiff       :
                         :
                         :
    vs.                  : Case No.: 1:05CV01366
                         : Judge: Henry H. Kennedy
CASSIDY & PINKARD, INC., et al    :
                         :
         Defendants      :

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF AGW & ASSOCIATES, INC.'S
MOTION TO DISMISS**

**I.    Rule 12 (b) (6) Standard**

Rule 12 (b) (6) of the Federal Rules of Civil Procedure provides that the defense of "failure to state a claim upon which relief can be granted" may be raised by preliminary motion. Such a motion tests the legal sufficiency of the complaint, and dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Browning v. Clinton, 292 F. 3d 235, 242 (D.C. Cir. 2002), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling upon such a motion, the Court treats the complaint's factual allegations as true, and must grant plaintiff the benefit of whatever inferences can be fairly derived from the facts alleged. Schuler v. United States, 617 F. 2d 605 (D.C. Cir. 1979). "However, the court need not accept inferences

4

drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F. 3d 1271, 1276 (D.C. Cir. 1994).

## II.    Factual Allegations

This Complaint is brought based upon diversity of citizenship jurisdiction by the plaintiff, a resident of Texas, against a number of corporations doing business in the District of Columbia. (Complaint, paragraph 1). Plaintiff contends that on July 12, 2002, he attempted to enter a vehicle owned by his father, which was parked in an underground parking garage at 5225 Wisconsin Avenue, N.W., Washington, DC. (Complaint, paragraph 12). Plaintiff contends that the vehicle then violently exploded as a result of two hidden pipe bombs which had been placed in the vehicle by his half brother, Prescott Sigmund, with the intention of killing their father. (Complaint, paragraphs 13, 17).

The Complaint further alleges that this parking garage was normally controlled with key cards after hours and on weekends, but the parking garage outside door had allegedly been broken for a period of several weeks. (Complaint, paragraph 21). The allegation is that the defendants had left the garage door open and unlocked, allowing for persons to enter the parking garage unsupervised. (Complaint, paragraph 21). The plaintiff has sued a number of entities, including the property manager of the

property (allegedly Cassidy & Pinkard, Inc. or Cassidy & Pikard Property Services LLC) the alleged operator and supervisor of the parking garage (Standard Parking Corporation or Standard Parking Corporation IL or Standard Parking L.P.), and a company that was allegedly responsible for the management and security of the garage (Apcoa, Inc.). Paragraph 10 of the Complaint alleges that this defendant, AGW &Associates, Inc., "was responsible for the maintenance and repairs of the parking garage door and/or vehicle entrance."

The Complaint alleges in Count I Negligence, for failure to maintain the property in a reasonably safe and secure condition "so as to avoid subjecting the tenants and their guests to hidden hazards or dangers, including those dangers that occur as a result of insufficient building security." (Complaint, paragraph 25). Paragraph 27 itemizes a number of alleged negligent acts, including failing to correct or repair the unlocked door, or otherwise failing to provide security in the building. (Complaint, paragraph 27).

There is no allegation in the Complaint that any crimes of any sort, much less any crime of the nature alleged in this Complaint, had ever occurred either in the subject building or the neighborhood of that building. There is no allegation that this defendant had any duty to provide security or otherwise perform any duties other than being allegedly responsible for the maintenance and repair of the garage door and/or vehicle entrance.

**III.    Argument**

To determine which law applies to a plaintiff's claim in a diversity case, the United States District Court must apply the choice of law principles of the state in which it sits. Klaxon Company v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941). It is clear that in the subject action involving an occurrence that took place in the District of Columbia that District of Columbia law would apply. Romero v. National Rifle Association of America, 749 F.2d 77 (D.C. Cir. 1984).

It is axiomatic that under District of Columbia law to establish a claim for negligence the plaintiff must show:

> (1)   A duty, owed by the defendant to the plaintiff, to conform to a certain standard of care;
>
> (2)   A breach of this duty by the defendant; and
>
> (3)   An injury to the plaintiff proximately caused by the defendant's breach.

Romero v. National Rifle Association of America, Inc., supra, 749 F.2d at 79, citing O'Neil v. Bergan, 452 A.2d 337 (D.C. App. 1982). The District of Columbia Court of Appeals has defined proximate cause as "that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." McKethean v. Washington Metropolitan Area Transit Authority, 558 A.2d 708, 716 (D.C. App. 1991).

The District of Columbia Court of Appeals in McKethean went on to discuss how proximate cause should be analyzed in a case in which a criminal act is alleged to have occurred between the alleged negligent act and the injury. In that case, the court analyzed the potential liability of the District of Columbia in maintaining a defective median in the roadway, when an accident was caused by an intoxicated driver who lost control of the vehicle after striking the median. The court noted that "an intervening negligent or criminal act breaks the chain of causation if it is not reasonably foreseeable." 588 A.2d at 716. The court noted that "there is no proximate causation when the sequence of events leading to an injury is 'highly extraordinary in retrospect',". 588 A.2d at 718, citing Lacy v. District of Columbia, 424 A.2d 317, 321 (D.C. App. 1980).

The Court of Appeals in McKethean went on to say:

> When an intervening act is criminal, this court demands a more heightened showing of foreseeability than if it were merely negligent. Because of the "extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown." (Citing Lacy v. District of Columbia, supra). The defendant will be liable only if the criminal act is so foreseeable that a duty arises to guard against it.

588 A.2d at 716-17.

This means that the plaintiff must show that the defendant has an increased awareness "of the danger of a particular criminal act." 588 A.2d

8

at 717.  Thus in Lacy v. District of Columbia, supra, the court noted that District of Columbia law requires foreseeability of a specific type of harm.

> Thus, although normally the 'defendant need not have foreseen the precise injury, nor should he have had notice of the particular method in which a harm could occur', in order to establish proximate cause … unless the assault was foreseeable, the defendants in this case had no duty to act.

424 A.2d at 323 (internal citation omitted). The court in Lacy noted that in Cook v. Safeway Stores, Inc., 354 A.2d 507 (D.C. App. 1976), and in Graham v. Safeway Stores, Inc., 316 A.2d 852 (D.C. App. 1974), it held that there was no duty to foresee and guard against a purse snatcher and the act of intentionally pushing a child against a broken store window.  These principles have been applied by the District of Columbia Court of Appeals in cases such as St. Paul Fire and Marine Insurance Co. v. James G. Davis Construction Corp., 350 A.2d 751 (D.C. App. 1976).  In that case, where debris was thrown by the defendant into an alley, which led to a fire set by some unknown person, the court held that as a matter of law the causal connection between the fire and alleged negligence in allowing debris to accumulate in the alley had been severed.

   Likewise, in Union Storage Co. v. McIntyre, 256 A.2d 787 (D.C. App. 1969), the court held as a matter of law that a warehouseman was not liable for the actions of a deranged police officer in removing a protective wire mesh screen allegedly improperly installed in the window of a

9

building and setting a fire within the warehouse. Quoting the Massachusetts court in <u>Bellows v. Worcester Storage Co.</u>, 297 Mass. 188, 7 N.E. 2d 588 (1937), the court said:

> The causal connection between the original wrong of the defendant … and the ultimate harm … has been broken and … something so distinct … has happened as to constitute an intervening efficient, independent and dominant cause .. . In the present case, the only normal or foreseeable result of negligence in failing to repair the door was that some person might enter and steal. What actually happened was harm of a wholly different kind, extraordinary, abnormal, irrational, and impossible to foresee. It cannot be attributed to any fault of the defendant.

256 A.2d at 789 – 790.

The Court of Appeals for the District of Columbia Circuit interpreted <u>Lacy v. District of Columbia</u>, <u>supra</u>, and <u>St. Paul Marine and Insurance Co. v. James G. Davis Construction Corp.</u>, <u>supra</u>, in <u>Romero v. National Rifle Association of America, Inc.</u>, <u>supra</u>. In that case the widow of a robbery victim filed suit against an organization which maintained the office from which the gun was taken during a burglary. The court noted that the question is not simply whether a criminal event is foreseeable, but whether a duty exists to take measures to guard against it, which is ultimately a question of fairness for the court. The court affirmed the trial court's action in ultimately ruling as a matter of law that the defendant was not liable to the plaintiff.

Judge Revercomb of this Court also addressed this body of law in Bell v. Colonial Parking, Inc., 807 F. Supp. 796 (1992). In that case, the court was faced with a plaintiff who was riding in a vehicle that he did not know had been stolen from a parking garage, and who then attempted to sue the parking garage for negligence in allowing the vehicle's theft. The court noted that the District of Columbia Court of Appeals had adopted a restrictive view of liability for the criminal acts of an intermeddling third-party. In the absence of any incidents that would make the subject occurrence foreseeable, the trial court held that there simply were not facts to meet the more heightened showing of foreseeability required by District of Columbia cases such as McKethean v. Washington Metropolitan Area Transit Authority, supra. A Motion for Summary Judgment was therefore granted on behalf of the parking lot owner.

It should be noted that this defendant is not the owner, manager, or landlord of the subject premises. It is merely a service provider who, as alleged in the Complaint, provides maintenance or repairs when requested by the owner of the garage. It is thus not an owner of a building or a manager who had any responsibility for overall security of a parking garage, as in Doe v. Georgetown Center, 708 A.2d 255 (D.C. App. 1998). It has no special relationship, such as that between a common carrier and passengers who have some obligation to protect passengers from assault during their journey as in Washington Metropolitan Transit Authority v.

11

O'Neill, 633 A.2d 834 (D.C. App. 1994).  It is also not analogous to a school that may have had notice of assaults in the immediate vicinity of the subject occurrence, so as to have a duty to prevent crimes against students. District of Columbia v. Doe, 524 A.2d 30 (D.C. App. 1987).

Clearly, the crime in the instant case is extraordinary, far more so than any of the other cases cited herein.  No reasonable jury could conclude that any of the defendants should have foreseen the likelihood that an intruder would enter the garage and place pipe bombs in one of the vehicles parked therein.  Certainly the maintenance company whose only job is to repair the garage door upon request cannot be deemed to have a duty to foresee such an extraordinary set of circumstances, and even if it were negligent in not timely making any requested repairs, the intervening extraordinary criminal acts in this case would break the chain of causation.

For the foregoing reasons, AGW & Associates, Inc. submits that it is entitled to summary judgment as a matter of law, since the plaintiff's Complaint does not and cannot state a claim upon which relief can be granted against this defendant.

          McCARTHY WILSON LLP

        BY:    /s/
           Thomas Patrick Ryan (348862)
           100 South Washington Street
           Rockville, Maryland 20850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of August, 2005, a copy of the foregoing **Motion to Dismiss of Defendant, AGW & Associates, Inc., with Memorandum of Points and Authorities in Support of AGW & Associates, Inc.'s Motion to Dismiss** and proposed Order was electronically filed with the United States District Court for the District of Columbia, and a courtesy copy mailed, first-class, postage prepaid to:

**Thanos Basdekis, Esquire**
**Paul Cornoni, Esquire**
**Regan, Halperin & Long, PLLC**
**1919 M Street, N.W., Suite 350**
**Washington, D.C. 20036-3521**
*Attorneys for Plaintiff*

                                                      /s/
                                      Thomas Patrick Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WRIGHT SIGMUND | : |
| Plaintiff | : |
| vs. | : Case No.: 1:05CV01366 |
| | : Judge: Henry H. Kennedy |
| CASSIDY & PINKARD, INC., et al | : |
| Defendants | : |

**O R D E R**

Upon consideration of the Motion to Dismiss for failure to state a claim upon which relief can be granted filed by Defendant, AGW & Associates, Inc., and good cause having been shown, it is by the United States District Court for the District of Columbia, this _____ day of _____, 2005,

O R D E R E D, that AGW & Associates, Inc.'s Motion to Dismiss be, and it is, hereby granted; and it is further

O R D E R E D, that the Complaint against AGW & Associates, Inc. in this matter be, and it is hereby dismissed with prejudice.

_____
JUDGE, United States District Court for the
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WRIGHT SIGMUND | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : Case No.:  1:05CV01366 |
| | : Judge:  Henry H. Kennedy |
| CASSIDY & PINKARD, INC., et al | : |
| | : |
| Defendants | : |

## ENTRY OF APPEARANCE

Please enter the appearance of McCarthy Wilson LLC and Thomas Patrick Ryan as counsel for defendant AGW &Associates, Inc. regarding the above-captioned matter.

Respectfully submitted,

McCARTHY WILSON LLP


BY:     /s/
Thomas Patrick Ryan (348862)
100 South Washington Street
Rockville, Maryland  20850
(301) 762-7770
Attorneys for Defendant
AGW & Associates, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2005, the foregoing **Entry of Appearance** was electronically filed with the United States District Court for the District of Columbia and a copy mailed to:

**Thanos Basdekis, Esquire**
**Paul Corononi, Esquire**
**Regan, Halperin & Long, PLLC**
**1919 M Street, N.W., Suite 350**
**Washington, D.C. 20036-3521**
*Attorneys for Plaintiff*

                                               /s/
                                    Thomas Patrick Ryan