UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD WRIGHT SIGMUND,** : | |
| Plaintiff, : | |
| : | Civil Action No. 05-1366 |
| v. : | |
| : | Judge Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC., et al.** : | |
| Defendants. : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS CASSIDY & PINKARD, INC.'S AND CASSIDY & PINKARD PROPERTY SERVICES, LLC'S MOTION TO DISMISS

The Plaintiff, Donald Wright Sigmund, by and through undersigned counsel, hereby submits this Opposition to the Motion to Dismiss filed by Defendants Cassidy & Pinkard, Inc. and Cassidy & Pinkard Property Services, LLC (hereinafter "Cassidy & Pinkard Defendants"). In support of his Opposition, the Plaintiff respectfully submits as follows:

1.  Although the Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)[1], the Plaintiff has alleged a valid prima facie case of negligence against the Defendants such that dismissal based upon the pleadings is inappropriate.

---

[1] Cassidy & Pinkard Defendants appear to be moving for dismissal pursuant to "Federal Rule 12(b), 16, and 19." (Defs.' Mot at 1). However, Defendants' motion is entirely void of any discussion of these rules. More specifically, Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss completely omits any reference to any Federal Rule of Civil Procedure. Thus, Plaintiff's Opposition will focus globally on the facts of the case and the surrounding rules of civil procedure, since Defendants have failed to cite the particular section of any rule of civil procedure for which they seek relief, (e.g., 12(b)(6) or any other rule).

- 2 -

     2.    Defendants' argument that this Court should dismiss Plaintiff's Complaint due to the fact that Plaintiff has filed two separate cases surrounding the same incident is wholly without merit. Defendants' motion omits a single reference to a specific rule of federal civil procedure supporting such an untenable position. Moreover, Defendants fail to cite a persuasive case for such a draconian measure. The most recent case cited in Defendants' pleadings is over twenty five (25) years old and does not support their position.

     3.    Lastly, Plaintiff was forced to file the instant action due to the discovery of additional and crucial information on the eve of the statute of limitations. Plaintiff has filed this new Complaint in good faith and the notion that Plaintiff is attempting to "circumvent" Judge Huvelle's scheduling order is unsavory. Upon its filing, Plaintiff marked this new action as related to Case No. 03-1507 in order to apprise all parties of the current situation. Plaintiff intends to file a motion for the consolidation of these two cases once all defendants have been served with notice of the new complaint. At that time, a motion for consolidation will be ripe and all parties will have the opportunity to voice their positions on such a motion.

    In further support of this Opposition, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

- 3 -

        Respectfully submitted,

        REGAN, HALPERIN & LONG, PLLC


By            /s/             
    Thanos Basdekis    #463692
    Paul Cornoni        #489398
    1919 M Street, N.W., Suite 350
    Washington, DC  20036-3521
    PH: (202) 463-3030
    Attorneys for Plaintiff

## CERTIFICATE OF ELECTRONIC FILING

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and proposed Order was electronically filed in the United States District Court for the District of Columbia and mailed, postage prepaid, this 8th day of August, 2005 to:

Steven R. Midgal
23 West Street
PO Box 2400
Annapolis, MD 21404
Counsel for Cassidy & Pinkard Defendants

Thomas Patrick Ryan
100 South Washington Street
Rockville, MD 20850
Counsel for AGW & Associates

Samuel Shapiro
Saunders and Schmieler
8737 Colesville Road, Suite L-200
Silver Spring, MD 20910
Counsel for Standard Parking

APCOA, Inc.
c/o registered agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

/s/
Thanos Basdekis

- 4 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD WRIGHT SIGMUND,** | : |
| **Plaintiff,** | : |
| | :     Civil Action No. 05-1366 |
| v. | : |
| | :     Judge Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC.**, et al. | : |
| **Defendants.** | : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Plaintiff, Donald Wright Sigmund, by and through undersigned counsel, hereby submits this Opposition to the Motion to Dismiss by the Cassidy & Pinkard Defendants. The Defendants contend that Plaintiff's Complaint should be dismissed based on the fact that Plaintiff has filed two separate lawsuits against separate defendants. This argument is flawed, however, for the reasons set forth below, and the Defendants' Motion to Dismiss should thus be denied.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) states that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial

justice." On a Rule 12(b)(6) Motion to Dismiss, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

A court must "accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[] the benefit of all inferences that can be derived from the facts alleged.'" Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A court does not "assess 'the truth of what is asserted or determine[e] whether a plaintiff has any evidence to back up what is in the complaint.'" Browning, 292 F.3d at 242 (quoting ACLU Found. of S. Cal. v. Barr, 952 F.2d 457, 467 (D.C. Cir.1991)).

In a recent, unanimous opinion, the United States Supreme Court reiterated this liberal pleading standard in reasoning that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie cased in a particular case." Swierkiewicz v. Soreman, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L. Ed. 2d 1 (2002). The Court went on to state that "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 512, 122 S.Ct. 992, 152 L. E. 2d 1. The Court further stated that "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. at 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94

S.Ct. 1683, 40 L. Ed. 2d 90 (1974)). Moreover, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz, 534 U.S. at 514, 122 S. Ct. 992, 152 L. Ed. 2d 1.

As one leading authority explained, the Rule 12 Motion to Dismiss "is viewed with disfavor and is rarely granted." 5A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1357, at 321 (hereinafter "Wright & Miller"); Rothner v. City of Chicago, 929 F. 2d 297, 302 (7th Cir. 1991) (citing treatise); International Erectors, Inc. v. Willhoit Steel Erectors and Rental Serv., 400 F. 2d 465, 471 (5th Cir. 1968) ("Dismissal of a claim on the bare bones pleadings is a precarious disposition with a high mortality rate."). Wright stated:

> [T]he court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts, rather than the pleader's suppositions. In any event, the Motion for Summary Judgment provides a more expeditious and effective procedure for quickly terminating an action that does not appear to entitle the plaintiff to relief on its substantive merits.

5A Wright & Miller § 1357, at 343-44.

In this case, it is clear that Plaintiff's Complaint states cognizable claims. Whether such claims permit a right of recovery under the applicable law is a matter properly addressed in a summary judgment motion, not in a motion to dismiss. See e.g., Conley v. Gibson, 355 U.S. 41 (1957).

## ARGUMENT

The Defendants' motion to dismiss is unpersuasive and should be denied for at least three reasons. First, Plaintiff's Complaint clearly presents a valid prima facie case of negligence against the Cassidy & Pinkard Defendants, and thus, satisfies Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). <u>The Defendants do not dispute this point</u>. Second, Defendants' argument that this Court should dismiss Plaintiff's Complaint due to the fact that Plaintiff has filed two separate cases surrounding the same incident is wholly without merit. Third, Plaintiff was forced to file the instant action due to the discovery of additional and crucial information on the eve of the statute of limitations. Plaintiff has acted in good faith and should not be punished for such unforeseen circumstances.

Plaintiff's Complaint presents a valid prima facie claim of negligence against the Cassidy & Pinkard Defendants. (<u>See</u> Plaintiff's Complaint filed on July 8, 2005) More specifically, Plaintiff's Complaint alleges that as the property managers of the building in question, the Cassidy & Pinkard Defendants had a duty to maintain the property in a reasonably safe and secure condition. (<u>Id.</u> at ¶ 25.) Despite said duty, Plaintiff alleges that the Cassidy & Pinkard Defendants breached this duty by negligently allowing the building to remain in an unsafe and insecure condition despite the fact that the Defendants knew, or in the exercise of reasonable care, should have known, that the condition of the premises was insecure and, therefore, extremely hazardous. (<u>Id.</u> at ¶ 26.) Lastly, Plaintiff alleges that as a direct and proximate result of Defendants' negligence, he sustained severe injuries which caused him great physical and mental pain. (<u>Id.</u> at ¶ 29.) Defendants do not dispute this point. Thus, Plaintiff will not go into further detail as

to why Plaintiff's Complaint clearly satisfies Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

The thrust of Defendants' Motion, instead, is entirely focused on the argument that "it is unfair and unreasonable to allow the second action to go forward especially since the first case has not been resolved." (Defs.' Mot at 3.) This argument is unpersuasive. The leading and most recent case that Defendants' cite states that "when two cases <u>between the same parties</u> on the same cause of action are commenced in two different federal courts, one which is commenced first is to be allowed to proceed to its conclusion first." <u>See</u> <u>Washington Metro Area Trans. v. Ragonese</u>, 617 F.2d 828, 830 (D.C. Cir. 1980) (emphasis added). This is hardly earth-shattering precedent. More plainly, "considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the <u>same case simultaneously</u>." <u>Id.</u> (emphasis added). Defendants fail to note that this precedent is entirely distinguishable from the case at bar for the simple fact that this Court is not presented <u>with the same case involving the same parties</u>.[2] More plainly, Defendants are not a party to the first action, Case No. 03-1507.[3] Accordingly, Defendants have not put forth a sufficient basis to dismiss Plaintiff's Complaint.

---

[2] Another inapplicable case cited by Defendants is <u>Hilton Hotels Corp. v. Weaver</u>, 325 F.2d 1010 (D.C. Cir. 1963). This case is unimposing. In this one page opinion which is over forty (40) years old, the Court specifically states "[W]e decide only that where a prior decision against the plaintiff on the same issues he raises in the instant case would necessarily be frustrated or obstructed by a present decision in the plaintiff's favor this court will not interfere with the prior decision adverse to plaintiff." <u>Id.</u> at fn 1. This analysis is not applicable to the present case.

[3] Curiously, Defendants state "[I]n other words, issues of <u>res judicata</u> and collateral estoppel abound here." (Defs.' Mot at 3.) Defendants fail to cite a single case in their pleading which pertains to the doctrines of collateral estoppel or res judicata. These legal doctrines would not prejudice the Cassidy & Pinkard Defendants. Under res judicata, a final judgment on the merits of an action precludes the <u>parties or their privies</u> from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action <u>involving a party to the first case</u>. <u>See</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). None of these doctrines are implicated here.

Lastly, Plaintiff was forced to file the instant action due to the discovery of additional and crucial information on the eve of the statute of limitations. Since Case No. 03-1507 has been filed, Plaintiff has encountered vast difficulties in trying to conduct discovery with the bomber, Defendant Prescott Sigmund. Such difficulties are not unfathomable when examining the facts surrounding Defendant Sigmund's incarceration since November 2002. Indeed, Defendant Sigmund has been imprisoned in at least three different federal facilities since the bombing incident took place. Most importantly, Plaintiff's counsel was finally able to hold an informal conference with Mr. Sigmund on Tuesday, July 5, 2005. In this conference, additional and crucial information came to light which forced Plaintiff to file this second action. Notably, the discovery of this new information was made only a week before the statute of limitations was set to expire. Thus, counsel filed the instant action to protect Plaintiff's interests.

Plaintiff has filed this new Complaint in good faith and the notion that Plaintiff is attempting to "circumvent" this Court's scheduling order is distasteful. Upon its filing, Plaintiff marked this new action as related to Case No. 03-1507 in order to apprise all parties of the current situation. (See Related Case Action Form, Exhibit A.) Plaintiff's counsel also sent a copy of the new complaint to the Defendants listed in the original case. (See Letter to Defense Counsel, Exhibit B.) Plaintiff intends to file a motion for the consolidation of these two cases once all Defendants have been served with notice of the new complaint. At that time, a motion for consolidation will be ripe since all parties will have the opportunity to voice their positions on such a motion.

- 7 -

## **CONCLUSION**

In light of the foregoing reasons, Plaintiff submits that the Cassidy & Pinkard Defendants' Motion to Dismiss should be denied.

                                     Respectfully submitted,

                                     REGAN, HALPERIN & LONG, PLLC

By _____/s/_____
   Thanos Basdekis    #463692
   Paul Cornoni        #489398
   1919 M Street, N.W., Suite 350
   Washington, DC 20036-3521
   PH: (202) 463-3030
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD WRIGHT SIGMUND,** | : |
| **Plaintiff,** | : |
| | : Civil Action No. 05-1366 |
| v. | : |
| | : Judge Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC., et al**. | : |
| **Defendants.** | : |

### ORDER

Upon consideration of the Cassidy & Pinkard Defendants' Motion to Dismiss, pursuant to Federal Rule of Procedure 12 (b), 16, 19 and the Opposition thereto filed by the Plaintiff, it is this _____ day of August, 2005 hereby:

ORDERED that Defendants' Motion to Dismiss is hereby DENIED.

SO ORDERED.

_____
Judge Ellen S. Huvelle

cc:   Thanos Basdekis, Esquire
      Regan, Halperin & Long
      1919 M Street, N.W., Suite 350
      Washington, D.C.  20036

      Steven R. Midgal
      23 West Street
      PO Box 2400
      Annapolis, MD 21404
      Counsel for Cassidy & Pinkard Defendants

Thomas Patrick Ryan
100 South Washington Street
Rockville, MD 20850
Counsel for AGW & Associates

Samuel Shapiro
Saunders and Schmieler
8737 Colesville Road, Suite L-200
Silver Spring, MD 20910
Counsel for Standard Parking

APCOA, Inc.
c/o registered agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005