## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND,                    :

      Plaintiff,                         :

                                **Civil Action No. 05-1366**

    v.                                 :

                                **Judge Ellen S. Huvelle**

CASSIDY & PINKARD, INC., <u>et al</u>.              :

      Defendants.                        :

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANT AGW & ASSOCIATES, INC.'S MOTION TO DISMISS</u>

The Plaintiff, Donald Wright Sigmund, by and through undersigned counsel, hereby submits this Opposition to the Motion to Dismiss filed by Defendant AGW & Associates, Inc. (hereinafter "AGW").  In support thereof, the Plaintiff respectfully submits that (i) Plaintiff has alleged a valid prima facie case of negligence against the Defendant such that dismissal based upon the pleadings is inappropriate, and (ii) the substantial case law, as well as the dangerousness of the area in question, overwhelmingly demonstrate that the harm to the Plaintiff was foreseeable.

In further support of this Opposition, the Plaintiff respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC


By _____/s/_____

    Thanos Basdekis     #463692
    Paul Cornoni       #489398
    1919 M Street, N.W., Suite 350
    Washington, DC  20036-3521
    PH: (202) 463-3030
    Attorneys for Plaintiff

## <u>CERTIFICATE OF ELECTRONIC FILING</u>

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendants AGW & Associates, Inc.'s Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and proposed Order was electronically filed in the United States District Court for the District of Columbia and mailed, postage prepaid, this 19th day of August, 2005 to:

Steven R. Midgal
23 West Street
PO Box 2400
Annapolis, MD 21404
Counsel for Cassidy & Pinkard Defendants

Thomas Patrick Ryan
100 South Washington Street
Rockville, MD 20850
Counsel for AGW & Associates

Samuel Shapiro
Saunders and Schmieler
8737 Colesville Road, Suite L-200
Silver Spring, MD 20910
Counsel for Standard Parking

APCOA, Inc.
c/o registered agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005


                                        _____/s/_____
                                        Thanos Basdekis

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND,   :

   Plaintiff,     :
                **Civil Action No. 05-1366**
  v.        :
                **Judge Ellen S. Huvelle**
CASSIDY & PINKARD, INC., et al.  :

   Defendants.    :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff, Donald Wright Sigmund, by and through undersigned counsel, hereby submits this Opposition to the Motion to Dismiss by Defendant AGW & Associates, Inc. (hereinafter "AGW").  The Defendant's Motion is flawed for several reasons and should be denied.  Most importantly, (i) Plaintiff has alleged a valid prima facie case of negligence against the Defendant such that dismissal based upon the pleadings is inappropriate, and (ii) the substantial case law, as well as the dangerousness of the area in question, overwhelmingly demonstrate that the harm to the Plaintiff was foreseeable.

Following a recitation of the applicable standard of review, these arguments are examined in detail below.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) states that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial

justice." On a Rule 12(b)(6) Motion to Dismiss, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

A court must "accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[] the benefit of all inferences that can be derived from the facts alleged.'" Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A court does not "assess 'the truth of what is asserted or determine[e] whether a plaintiff has any evidence to back up what is in the complaint.'" Browning, 292 F.3d at 242 (quoting ACLU Found. of S. Cal. v. Barr, 952 F.2d 457, 467 (D.C.Cir.1991)).

In a recent, unanimous opinion, the United States Supreme Court reiterated this liberal pleading standard in reasoning that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie cased in a particular case." Swierkiewicz v. Soreman, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L. Ed. 2d 1 (2002). The Court went on to state that "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 512, 122 S.Ct. 992, 152 L. E. 2d 1. The Court further stated that "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. at 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94

S.Ct. 1683, 40 L. Ed. 2d 90 (1974)). Moreover, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz, 534 U.S. at 514, 122 S. Ct. 992, 152 L. Ed. 2d 1.

As one leading authority explained, the Rule 12 Motion to Dismiss "is viewed with disfavor and is rarely granted." 5A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1357, at 321 (hereinafter "Wright & Miller"); Rothner v. City of Chicago, 929 F. 2d 297, 302 (7th Cir. 1991) (citing treatise); International Erectors, Inc. v. Willhoit Steel Erectors and Rental Serv., 400 F. 2d 465, 471 (5th Cir. 1968) ("Dismissal of a claim on the bare bones pleadings is a precarious disposition with a high mortality rate."). Wright stated:

> **[T]he court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts, rather than the pleader's suppositions**. In any event, the Motion for Summary Judgment provides a more expeditious and effective procedure for quickly terminating an action that does not appear to entitle the plaintiff to relief on its substantive merits.

5A Wright & Miller § 1357, at 343-44 (emphasis added).

In this case, it is clear that Plaintiff's Complaint states cognizable claims. Whether such claims permit a right of recovery under the applicable law is a matter properly addressed in a summary judgment motion, not in a motion to dismiss. See e.g., Conley v. Gibson, 355 U.S. 41 (1957).

## ARGUMENT

The Defendants' motion to dismiss is baseless and should thus be denied. Plaintiff's Complaint clearly presents a valid prima facie case of negligence against Defendant AGW, and thus, satisfies Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Defendant's motion relies heavily on two arguments: (1) that Defendant had no legal duty to Plaintiff, and (2) that the harm to Plaintiff was not foreseeable. These arguments are fatally flawed as discussed below.

### I.     Plaintiff's Prima Facie Case of Negligence

In its moving papers, Defendant attacks Plaintiff's prima facie case of negligence by arguing, in the alternative, that (1) a maintenance company "cannot be deemed to have a duty" to make timely repairs, and that (2) "even if [the maintenance company] were negligent in not timely making any requested repairs, the intervening extraordinary criminal acts in this case would break the chain of causation." (See Def.'s Mem. at 12.) Both Defendant's duty argument and causation argument are patently without merit, as explained below.

It is well established case law that a maintenance/repair company, such as AGW, has a duty to make repairs consistent with industry standards. See, e.g., Philip White, Jr., Liability of Maintener, Repairer, or Installer of Automatic Passenger for Injury Resulting from Use of Elevator, 115 A.L.R. 5th 1, 1 (2004) ("The owners of buildings that provide automatic passenger elevators commonly contract with elevator maintenance companies to inspect, service, and repair the elevators. And thus, when someone is injured as a result

of the use of the elevator, the maintenance contractor and sometimes the elevator installer find themselves defending their performance in a lawsuit.").

As an elevator, just like a garage door, is part of the building whose foreseeable users include tenants and guests of tenants, an action for negligence generally will be brought against the owner or occupier of the premises where the elevator or escalator was located **and the party responsible for servicing or maintaining the elevator or escalator**. See, e.g., Williams v. Aer Lingus, 655 F. Supp. 425 (S.D.N.Y. 1987) (New York law); Tait v. Armor Elevator Co., 958 F.2d 563 (3rd Cir. 1992) (Pennsylvania law); Pratt v. Freese's Inc., 438 A.2d 901 (Me. 1981). Moreover, agents or employees of the owner or occupier or the service contractor may be sued in their individual capacities based on their negligence. See, e.g., Container Corp. v. Crosby, 535 So. 2d 154 (Ala. 1988). Accordingly, a maintenance/repair company can be held liable for failure to make timely/adequate repairs, and thus Plaintiff's Complaint clearly states a cause of action that should not be dismissed at this stage of the pleadings.

Defendant's proximate cause argument is likewise premature and similarly flawed. As the United States Court of Appeals for the District of Columbia Circuit has explained, proximate case "ordinarily [is] ... a question of fact." Boodoo v. Cary, 21 F.3d 1157 (D.C. Cir. 1994). Accordingly, when applying the law of the District of Columbia, as the District of Columbia Court of Appeals explained in National Health Laboratories, Inc. v. Ahmadi, 596 A.2d 555 (D.C. 1991):

> It is well-settled that proximate cause . . . is ordinarily a question of fact for the jury. It is only in cases where it is clear that reasonable

> [people] could draw but one conclusion from the facts alleged that negligence and proximate cause become questions of law. These cases have been said to be "exceptional." <u>Hill v. McDonald</u>, 442 A.2d 133, 137 (D.C.1982) (citations omitted). Thus, a motion for a JNOV on this issue is subject to the rigorous test that such a motion "should be granted 'only in "extreme" cases, in which no reasonable person, viewing the evidence in the light most favorable to the prevailing party, could reach a verdict in favor of that party.'" Mike Palm, Inc. v. Interdonato, 547 A.2d 1016, 1019 (D.C.1988).

<u>National Health</u>, 596 A.2d at 560-61; <u>see also</u> <u>Majeska v. District of Columbia</u>, 812 A.2d 948 (D.C. 2002) ("Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law.").

Similarly, in <u>Paylor v. Safeway Stores, Inc.</u>, 225 A.2d 312 (D.C. 1967), the District of Columbia Court of Appeals stated that:

> Ordinarily questions of negligence or omission of reasonable care and whether either was the proximate cause of injury are factual issues to be decided by the jury or other trier of fact, becoming questions of law, for determination by the court, only when but one reasonable inference may be drawn from undisputed evidence. On a defendant's motion for a directed verdict, the evidence must be construed most favorably to the plaintiff, who is entitled to every legitimate inference. If reasonable men could differ upon that evidence, the case should be submitted to the jury.

<u>Id.</u> at 314-15 (citations omitted). Thus, given that the Plaintiff has set forth adequate allegations of proximate cause in the Complaint, Defendant's Motion to Dismiss on these grounds should be denied as well.

## II.    Foreseeability

Defendant's claim that the harm to the Plaintiff was unforeseeable is contrary to both the surrounding legal precedent and the facts underlining the dangerous area in question. Discovery to date has established that there was a significant level of criminal activity on the property and in the area immediately surrounding the property in question prior to this incident. More specifically, the Metropolitan Police Department has reported over 1,999 crimes occurred in the area in question from 1998 until 2003. (See MPD Data Printout, Exhibit A.)[1] Such crimes included: assault with a deadly weapon, simple assault, burglary, disorderly conduct, drug offenses, fraud, property destruction, receiving stolen property, robbery, sex abuse, stolen automobile, theft, theft from automobile, threats, uttering (bad checks), warrant offenses, and weapons charges. (Id.)[2]

Moreover, there was a significant level of criminal activity at the property in question (5225 Wisconsin Avenue) immediately prior to this incident. Crimes that occurred at the property in question (5225 Wisconsin Avenue) include:

- Burglary on February 17, 1998;

- Theft on May 13, 1998;

- Theft on May 23, 1998;

- Theft on July 23, 1998;

_____

[1] These crime statistics highlight the significant level of crime activity in the area in question. As mentioned above, Plaintiff has also served a subpoena on the Montgomery County Police Department, Montgomery County, Maryland. The building in question is on the border between Washington, D.C. and the State of Maryland, and thus, the additional crime statistics from the Montgomery County Police Department are pertinent to the case and will allow for a more accurate look at the significant level of crime in the area in question. The Montgomery County Police Department has agreed to provide such material to Plaintiff within the following two weeks.
[2] Plaintiff has received the incident reports for each of these crimes. However, Plaintiff has only attached the MPD Printout since the actual incident reports contain over 3,000 pages. Such a lengthy submission would certainly be more pertinent to an opposition to a summary judgment motion.

- Assault on September 25, 1998

- Theft on October 6, 1998;

- Theft on November 16, 1998;

- Theft on November 11, 1998;

- Theft on November 24, 1998;

- Assault with Deadly Weapon on March 22, 1999;

- Theft on Jun 17, 1999;

- Theft on September 11, 1999;

- Theft on July 11, 2000;

- Theft on August 8, 2000;

- Theft on November 10, 2000;

- Assault on November 19, 2000;

- Theft on December 29, 2000;

- Destruction of Property on March 29, 2001;

- Theft on May 28, 2001;

- Theft on July 18, 2001;

- Theft on July 18, 2001;

- Theft of Automobile on August 29, 2001;

- Theft on November 10, 2001;

- Theft on November 27, 2001;

- Destruction of Property December 2, 2001;

- Theft on February 11, 2002;

- Theft on March 8, 2002;

- Theft on March 22, 2002.

(Id.)

Expert testimony will demonstrate that the level of crimes that occurred at the property in question and the immediate area surrounding the building were precursors to more serious crimes, including the incident in question, and provided proper notice to the Defendant that reasonable security arrangements were needed. (See Plaintiff's Supplementary Expert Disclosures in Case No. 03-1507 at 6, Exhibit B) Clearly, Defendant's argument that the harm to Plaintiff was not foreseeable is belied by the circumstances underlining the dangerous condition of the area in question.

Defendant's argument is contrary to the surrounding legal precedent as well. First, in Bailey v. District of Columbia, 668 A.2d 817, 821 (D.C. 1995), the District of Columbia Court of Appeals held that the Plaintiff need not show that the precise criminal act was foreseeable, but only that the Defendant "'should have anticipated the prospect of violent criminal conduct.'" (citing with approval the trial court's reasoning) (emphasis added). With respect to foreseeability, the law "does not require previous occurrences of the particular type of harm, but can be met instead by a combination of factors which give defendants an increased awareness of the danger of a particular criminal act." District of Columbia v. Doe, 524 A.2d 30, 33 (D.C. 1987); see also Doe v. Dominion Bank, N.A., 963 F.2d 1552 (D.C. Cir. 1992) (holding that question of foreseeability of

- 9 -

danger to tenants' employees from assaultive criminal conduct by intruders on leased premises was for jury in suit against commercial landlord by tenant's employee, who was raped by intruder in unoccupied area of premises, and noting that lack of specific evidence as to reputation of surrounding area for criminal activity was not dispositive); Graham v. M&J Corp., 424 A.2d 103 (D.C. 1980) (holding, in suit brought by tenants and guests against landlord of two-family building for injuries resulting from fire deliberately set in foyer of building by former paramour of one tenant, that substantial fact issues existed as to whether danger of criminal assault by means of arson was sufficiently probable and predictable to create duty in landlord to take reasonable precautionary measures).

As with courts here, courts outside of this jurisdiction no longer subscribe to the notion that "notice" requires there to be a certain minimum number of crimes in a particular area, or that the "identical" crime have occurred in the area prior to the incident at issue. As one court explained, "We are not willing to give the landlord one free ride, as it were, and sacrifice the first victim's right to safety upon the altar of foreseeability by slavishly adhering to the now-discredited notion that at least one criminal assault must have occurred on the premises before the landlord can be held liable." Paterson v. Deeb, 472 So. 2d 1210, 1218-19 (Fla. 1985) (emphasis added); see also Schmidt v. Towers Constr. Co., 584 So. 2d 630, 632 (Fla. 1991) (same); Brock v. Watts Realty Co., 582 So. 2d 438, 440-41 (Ala. 1991); Sharp v. W.H. Moore, Inc., 796 P.2d 506, 510 (Id. 1990); see also Doe v. Montgomery Mall Ltd. Partnership, 962 F. Supp. 58, 60-61 (D. Md.

1997) (holding that genuine issues of material fact as to type and quality of security measures in place at mall's parking garage, and as to security measures taken at comparable properties precluded summary judgment for mall owners, under Maryland law, in action by employee of mall tenant who was attacked and raped on the way to her car which was parked in area designated for employee parking).

The Defendant cites several cases in which the Plaintiff did not prevail at the summary judgment stage. In the District of Columbia, however, the case law is well settled that, where a Defendant has affirmatively undertaken to protect an individual under circumstances creating a special relationship, where the individual justifiably relies upon such undertaking, and where criminal conduct is foreseeable, the Defendant may be held liable for the harm caused by the intervening criminal act of a third party. See, e.g., District of Columbia v. Harris, 770 A.2d 82 (D.C. 2001) (affirming jury verdict in favor of plaintiff where District of Columbia failed to intervene and prevent abuse of child by child's mother); District of Columbia v. Doe, 524 A.2d 30 (D.C. 1987) (denying District of Columbia's motion for directed verdict and entering judgment in favor of plaintiff where child was abducted from school and sexually assaulted by third party); Washington Area Transit Authority v. O'Neill, 633 A.2d 834 (D.C. 1993) (affirming verdict in favor of plaintiff where plaintiff alleged District of Columbia bus driver was negligent in failing to prevent assault by third parties).

The Plaintiff has sufficiently pled the elements which constitute the various Counts in the Complaint. At this stage, that is all that is required of the Plaintiff. The

- 11 -

inquiry into sufficiency of the evidence with respect to these elements is a matter left to the liberal discovery rules and to summary judgment.

## **CONCLUSION**

In light of the foregoing reasons, Plaintiff submits that the Cassidy & Pinkard Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC

By_____/s/_____
    Thanos Basdekis    #463692
    Paul Cornoni    #489398
    1919 M Street, N.W., Suite 350
    Washington, DC 20036-3521
    PH: (202) 463-3030
    Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND,                    :

      Plaintiff,                          :

                                            **Civil Action No. 05-1366**

      v.                                :

                                            **Judge Ellen S. Huvelle**

CASSIDY & PINKARD, INC., <u>et al</u>.           :

      Defendants.                         :

## <u>ORDER</u>

Upon consideration of the Defendant AGW's Motion to Dismiss, pursuant to Federal Rule of Procedure 12 (b)(6) and the Opposition thereto filed by the Plaintiff, it is this _____ day of August, 2005 hereby:

ORDERED that Defendant's Motion to Dismiss is hereby DENIED.

SO ORDERED.

                                                     _____

                                                   Judge Ellen S. Huvelle

cc:   Thanos Basdekis, Esquire
      Regan, Halperin & Long
      1919 M Street, N.W., Suite 350
      Washington, D.C.  20036

      Steven R. Midgal
      23 West Street
      PO Box 2400
      Annapolis, MD 21404
      Counsel for Cassidy & Pinkard Defendants

Thomas Patrick Ryan
100 South Washington Street
Rockville, MD 20850
Counsel for AGW & Associates

Samuel Shapiro
Saunders and Schmieler
8737 Colesville Road, Suite L-200
Silver Spring, MD 20910
Counsel for Standard Parking

APCOA, Inc.
c/o registered agent
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005