UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WRIGHT SIGMUND<br>12516 Degas Lane<br>Dallas, TX 75230<br><br>            Plaintiff<br><br>      vs.<br><br>CASSIDY & PINKARD, INC.<br>1750 Tysons Boulevard, Suite 110<br>McLean, VA 22102<br>      and<br>CASSIDY & PINKARD PROPERTY<br>   SERVICES LLC<br>2000 Pennsylvania Avenue, Suite 800<br>Washington, D.C.  20006<br>      and<br>STANDARD PARKING CORPORATION<br>2450 Crystal Drive<br>Arlington, VA 22202<br>      and<br>STANDARD PARKING CORPORATION<br>  IL<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>      and<br>STANDARD PARKING, L.P.<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>      and<br>APCOA, INC.<br>900 N. Michigan Avenue, Suite 1800<br>Chicago, IL 60611<br>      and<br>AGW & ASSOCIATES, INC.<br>7646 Lee Highway<br>Falls, Church, VA 22042<br><br>            Defendants | Case No.: 1:05CV01366<br>Judge:  Ellen S. Huvelle |

**REPLY MEMORANDUM OF DEFENDANT,
AGW & ASSOCIATES, INC.'S
IN SUPPORT OF MOTION TO DISMISS**

Comes now the defendant, AGW & Associates, Inc., by and through its attorneys, McCarthy Wilson LLP, and Thomas Patrick Ryan, and hereby submits this Reply Memorandum in Support of it's Motion to Dismiss.

**I.    Plaintiff has failed to allege that Defendant had a duty to protect Plaintiff from the harm which occurred.**

Plaintiff has alleged that the Defendant, a repair service provider, had a duty to comply with industry standards, and that this duty was breached when Defendant allegedly failed to make timely repairs to the garage door.  (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 4-5).[1]  Plaintiff cites a series of cases in which plaintiffs were injured when elevators or escalators malfunctioned.  However, in each of these cases, the cause of injury was the elevator itself, not the independent actions of an intervening force, the criminal actor.  *See Pratt v. Freese's Inc.,* 438 A.2d 901 (1981) (personal injury action arising from closing of elevator door on plaintiff's arm); *Tait v. Armor Elevator Company,* 958 F.2d 563, 35 Fed. R. Evid. Serv. 1111 (3rd Cir. 1992) (person injury action arising from elevator passenger injury); *Williams v. Aer Lingus Irish Airlines,* 655 F.Supp.425

---

[1] It should be noted that Plaintiff has not, and cannot, allege that this Defendant, a service provider hired by the landlord to repair the garage door, had any duty to provide security or otherwise perform any duties other than being responsible for the maintenance and repair of the garage door and/or vehicle entrance.

(1987) (personal injury action arising from injuries of child whose foot became caught in escalator). Plaintiff has missed the point and has failed to allege that the harm which befell Plaintiff was a foreseeable result of the breach of a recognized duty of this Defendant. Instead, Plaintiff has alleged that the Defendant had a duty to make timely repairs and that crime rates showed that crime in the garage was foreseeable. Plaintiff's claim lacks factual allegations alleging that this Defendant's breach proximately caused the injuries of the Plaintiff; therefore, Plaintiff's claim must be dismissed.

## II.   Plaintiff has failed to allege that the harm which befell the Plaintiff was a foreseeable result of a breach of the Defendant's duty

In situations such as Plaintiff's, "where an injury is caused by the intervening criminal act of a third party, this court has repeatedly held that liability depends upon 'a more heightened showing of foreseeablity' that would be required if the act was merely negligent." *Bailey v. District of Columbia,* 668 A.2d 817, 819, 106 Ed. Law. Rep. 215 (1995). The District of Columbia Court of Appeals "has been reluctant to see a defendant held liable for harm caused by the criminal act of a third party." *Workman v. United Methodist Committee on Relief,* 320 F.3d 259, 263, 355 U.S.App.D.C. 131 (2003). This reluctance is due to the fact that this "heightened forseeablity test" is "a limited exception to the general rule of nonliability for such claims." *Workman,* 320 F.3d at 263.

Plaintiff alleges that proximate cause can be established because, allegedly, "there was a significant level of criminal activity on the property and the area immediately surrounding the property in question prior to this incident." (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 7). In support of this proposition Plaintiff lists various instances of criminal activity including burglary, theft and assault. It is clear under the law of the District of Columbia that such "generic information," by itself, does not create a duty on the part of the Defendant to protect Plaintiff from the possibility that a criminal actor would enter the parking garage and plant pipe bombs. *See Bailey,* 668 A.2d at 820.

In his Opposition to this Defendant's Motion to Dismiss, Plaintiff points to *Bailey v. District of Columbia, supra,* for the proposition that a plaintiff need only show that a defendant "should have anticipated the prospect of violent criminal conduct" in order to create an inference of forseeablity. (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss, p. 9, citing *Bailey,* 668 A.2d at 820). This quote is taken out of context and seriously misconstrues the holding of the District of Columbia Court of Appeals.

In *Bailey,* the plaintiff alleged that the District breached its duty to provide adequate security by failing to employ off duty policemen which

ultimately resulted in the plaintiff being randomly shot during an altercation. The *Bailey* Court rejected the plaintiff's argument that, because the District of Columbia was aware of the high frequency of violence around the school property, the District had a duty to protect plaintiff, an adult spectator at a cheerleading competition, from the allegedly foreseeable harm of the shooting. *Bailey,* 668 A.2d at 820 ("Although the occurrence of shootings in, and in the vicinity of, the District's public schools is an unhappy reality, we agree with the trial court that such 'generic information,' by itself, does not create a duty on the part of the District to protect against the use of firearms under the circumstances presented here"). The Court found that "'the evidence must at least demonstrate that the District should have anticipated the prospect of violent criminal conduct.' No such showing was made here." *Bailey,* 668 A.2d at 821 (citing the trial court).

In light of the holding in *Bailey,* the Plaintiff's proffered crime statistics do not rise to the level of creating an inference that the Defendant should have foreseen that an alleged failure to make timely repairs to the garage door would enable a criminal to enter the garage and plant pipe bombs. Therefore, Plaintiff can prove no set of fact in support of his claim which would demonstrate the proximate cause required.

Plaintiff "naturally, relies upon the few cases in which a court has found sufficient evidence of foreseeablity either to allow a claim to go to the jury or to uphold a jury verdict for the plaintiff." *See Workman,* 320 F.3d at 263. As explained *infra,* neither *District of Columbia v. Doe,* 524 A.2d 30 (D.C. 1987) or *Doe v. Dominion Bank of Washington,* 963 F.2d 1552 (1992) provides support for Plaintiff's position because (1) both cases involved additional factors, exclusive of crime rates, which created an inference of forseeablity and (2) both cases involved a defendant who had a special relationship with the plaintiff and thus a heightened duty.

As pointed out by the Court in *Bailey v. District of Columbia, supra,* the factual scenario of *District of Columbia v. Doe,* 524 A.2d 30 (D.C. 1987) was so unique as to be dispositive. *See Bailey,* 669 A.2d at 820-821 ("Bailey's reliance on [*Doe*] is misplaced"). The *Doe* plaintiff was a fourth grade child who was abducted from her classroom by an intruder and raped. Evidence showed that various doors to the school were not in working order, the intercom was broken, and unauthorized adult males often roamed the hallways. *Doe,* 524 A.2d at 31. The trial court denied the District's motion for a directed verdict and subsequently found in favor of the plaintiff child.

Citing *Lacy v. District of Columbia,* 424 A.2d 317 (D.C. 1980) for the proposition that the evidence presented was legally insufficient to

6

permit a reasonable inference of forseeablity, the defendant school system appealed the trial court's denial of their motion for a directed verdict. *Doe,* 524 A.2d at 32. The Court held that there was sufficient probative evidence regarding factors which, when taken as a whole, could be viewed by reasonable fact-finders as creating an inference of the defendant's increased awareness of the danger of a particular criminal act. *Doe,* 524 A.2d at 33-34.

As in *District of Columbia v. Doe, supra,* the plaintiff in *Doe v. Dominion Bank of Washington,* 963 F.2d 1552 (1992), *"Doe II",* "a good deal of evidence suggested the defendant was on notice there was a substantial risk of harm to the plaintiff." *Workman,* 320 F.3d at 263. Additionally, the Court in *Doe* and *Doe II* imposed a duty of protection upon the defendants in part because of the relationship between the parties. *Workman,* 320 F.3d at 263; *See Doe v. Dominion Bank, supra,* at 1554 (holding that "a commercial *landlord* has a duty to take reasonable measure to safeguard tenants from foreseeable criminal conduct") (*emphasis added*).

As described *supra,* Plaintiff has alleged that the Defendant, a service provider hired by the building owner, "was responsible for the maintenance and repairs of the parking garage door and/or vehicle entrance." (Plaintiff's Complaint, pg. 10). Plaintiff alleges no special

relationship.[2]  In stark contrast, the defendant in *Doe* was charged with the duty of custodial care of elementary school children, *See Workman*, 320 F.3d 259; *Bailey*, 668 A.2d at 821 (both pointing out the relevance of that relationship in imposing duty).  Similarly, the defendant in *Doe II* was a landlord, and was therefore "in a better position both to know about security threats and to protect against them."  *See Workman*, 320 F.3d at 363.  Therefore, without allegations of a special relationship and forseeablity of harm, Plaintiff is unable to state a claim upon which relief can be granted.

While this Defendant is aware that this Court denied a Motion to Dismiss filed by the Defendant landlord in the earlier action arising from this occurrence, Case No. 1:03CV01507, this Defendant submits that any duty of this Defendant toward this Plaintiff is sufficiently attenuated as to warrant dismissal of this action.

---

[2] The Plaintiff does reference case law in his Reply to Defendant's Motion to Dismiss regarding instances where a special relationship is alleged however Plaintiff has set forth no factual allegations to this effect.

McCARTHY WILSON LLP


BY: /s/
Thomas Patrick Ryan (348862)
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of August, 2005, a copy of the foregoing **Reply Memorandum in Support of Defendant AGW's Motion to Dismiss** was electronically filed with the United States District Court for the District of Columbia, and a courtesy copy mailed, first-class, postage prepaid to:

**Thanos Basdekis, Esquire**
**Paul Cornoni, Esquire**
**Regan, Halperin & Long, PLLC**
**1919 M Street, N.W., Suite 350**
**Washington, D.C. 20036-3521**
*Attorneys for Plaintiff*

**Steven R. M idgal, Esquire**
**23 West Street**
**P.O. Box 2400**
**Anapolis, MD 21404**
*Attorneys for Cassidy & Pinkard Defendants*

**Samuel Shapiro, Esquire**
**Sauders and Schmieler**
**8737 Colesville Road, Suite L-200**
**Silver Spring, MD 20910**
*Attorneys for Standard Parking*

9

**APCOA, Inc.**
**c/o Registered Agent**
**CT Corporation System**
**1015 15th Street, N.W., Suite 1000**
**Washington, D.C. 20005**

/s/
------------------------
Thomas Patrick Ryan