UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD WRIGHT SIGMUND** | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 1:05CV01366<br>Judge: Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC., et al.** | * | |
|     Defendants | * | |

**DEFENDANTS, STANDARD PARKING CORPORATION'S, STANDARD PARKING CORPORATION IL'S, STANDARD PARKING L.P.'S AND APCOA, INC.'S, OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

---

**COME NOW**, the Defendants, **STANDARD PARKING CORPORATION, STANDARD PARKING CORPORATION IL, STANDARD PARKING L.P. and APCOA, INC.** (hereinafter collectively referred to as "APCOA/Standard Parking"), by and through their attorneys, **JEFFREY R. SCHMIELER, SAMUEL N. SHAPIRO and SAUNDERS & SCHMIELER, P.C.**, pursuant to Rule 42 and LCvR 7(b), file this Opposition to Plaintiff's Motion to Consolidate and in support thereof, state as follows:

**I.    INTRODUCTION**

According to the Complaint, on or about the evening of July 10, 2002, Plaintiff's half-brother Prescott Sigmund planted explosives in a vehicle owned by his father, Donald Sigmund, which was parked in a parking garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C., with the intention of killing his father. On or about July 12, 2002, the Plaintiff entered his father's vehicle at which time the explosives planted by Prescott Sigmund detonated.

The Plaintiff has sued these Defendants alleging Negligence (Count I), Negligent

Infliction of Emotional Distress (Count II), and Gross Negligence (Count III).  The Plaintiff has alleged that these Defendants were responsible for the management and security of the subject parking garage.

The Plaintiff previously filed a Complaint in this Court captioned, <u>Donald Wright Sigmund v. Starwood Urban Retail VI, LLC, et. al.</u>, Civil Action No. 03-1507 (hereinafter "<u>Starwood</u>"), on July 14, 2003, which involves allegations stemming from the July 12, 2002 explosion.  On July 8, 2005, Plaintiff filed the current action, naming several additional Defendants with claims arising out of the same July 12, 2002 explosion (hereinafter the "current action" or "underlying action").  Plaintiff alleges that the filing of the current action was necessary, "as a result of information obtained by Plaintiff's counsel on the eve of the potential expiration of the three-year statute of limitations." <u>See</u> Pl.'s Mem. Of Pts. & Auth. In Support of Pl.'s Mot. To Consolidate, ¶ 3.  Discovery has been ongoing in Starwood since its inception, which has spanned more than two years.

On or about September 1, 2005, Plaintiff filed his motion to consolidate <u>Starwood</u> with the current action.  Coincidentally, on September 1, 2005 the discovery deadline expired in <u>Starwood</u>.  In the February 2, 2005 order granting the extension of the discovery deadline to September 1, 2005, this Court stated that there will be no further continuances.

As discovery is now complete in <u>Starwood</u> and it is set for trial and the current action has only to begin its discovery efforts, the Defendants in both the former and the current actions would be materially prejudiced by a consolidation of the two actions.

## II. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

### A. Standard for Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve "a common question of law or fact . . . pending before the court," so as to "avoid unnecessary costs or delay." Fed R. Civ. P. 42(a). Additionally, under Rule 42(b), the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . ." Fed. R. Civ. P. (42)(b). In deciding whether to consolidate actions, the court should balance the savings to the judicial system against the possible inconvenience, delay, or prejudice to the parties. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983). The court has broad discretion in the balancing process. Young v. Augusta, Ga. Through Devaney, 59 F.3d 1160, 1168 (11th Cir. 1995).

"On a motion under Rule 42, the burden will be on plaintiff to show that the consolidation should be ordered in the exercise of the court's discretion and on notice to all parties." Invest-Import v. Seaboard Surety Co., 18 F.R.D. 499, 500 (S.D.N.Y. 1955). Rule 42 allows a court to consolidate actions that share "common issue[s] of law or fact." See Environmental Defense Fund, Inc. v. Costle, 79 F.R.D. 235, 243-44 (D.C.D.C. 1978). It is the party seeking consolidation that bears the burden of demonstrating that the actions in question share common issues of law or fact. See Webb v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000). Furthermore, "[w]here one case is ready for trial and the other case requires discovery and trial preparation, the cases should not be consolidated as a matter of sound judicial administration." See Frederick Wildman & Sons, Ltd. v.

Wildman, 1987 U.S. Dist. LEXIS 1771, *7 (S.D.N.Y. 1987) citing Watkinson v. Great Atlantic & Pacific Tea Co., Inc., 585 F. Supp. 879, 883 (E.D.Pa. 1984).

### B.   Argument

#### 1.   **Plaintiff has Not Met His Burden of Proof to Establish that it Would be in the Interests of Justice for this Court to Consolidate Both Actions**

Although the Court has broad discretion in determining whether the actions should be consolidated, the burden is on the Plaintiff, "to show that the consolidation should be ordered in the exercise of the court's discretion and on notice to all parties."See Invest-Import v. Seaboard Surety Co., 18 F.R.D. 499, 500 (S.D.N.Y. 1955). Rule 42 allows a court to consolidate actions that share "common issue[s] of law or fact." See Environmental Defense Fund, Inc. v. Costle, 79 F.R.D. 235, 243-44 (D.C.D.C. 1978). *It is the party seeking consolidation that bears the burden of demonstrating that the actions in question share common issues of law or fact.* See Webb v. Goord, 197 F.R.D. 98, 101 (S.D.N.Y. 2000) (emphasis added). In deciding whether to consolidate actions, the court should balance the savings to the judicial system against the possible inconvenience, delay, or prejudice to the parties. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983).

The Plaintiff has filed a bare-bones Motion to Consolidate in which he fails to allege any common issues of law or fact between Starwood and the underlying action. The Plaintiff simply makes one overarching allegation that it would be in the interest of judicial economy because, "both cases involve allegations against Defendants stemming

from the explosion on July 12, 2002." See Pl.'s Mem. Of Pts. & Auth. In Support of Pl.'s Mot. To Consolidate, ¶ 4. Plaintiff fails to cite any specifics.

Plaintiff's failure to allege any common issues of law or fact leaves the Defendants in the underlying action unaware of the parties, facts, and/or law involved in Starwood. Without identifying the possible common issues of law or fact, the Defendants, and more importantly this Court, cannot sufficiently determine whether consolidation may actually complicate matters.

The Plaintiff cannot make the argument that consolidation of the cases will save enough time, money, or judicial resources to outweigh the prejudice to the Defendants in both actions. Discovery is already complete in the Starwood action. The Plaintiff, the Defendants, and the Court have already expended the time, money, and judicial resources necessary to ready themselves for the trial in Starwood. So regardless of whether consolidation occurs, that time, money and the judicial resources involved cannot be recovered. On the other hand, discovery has just barely begun in the underlying action. The same time, money, and judicial resources will necessarily be required by the Plaintiff, the Defendants, and the Court in preparation of a trial in the underlying action, regardless of whether consolidation occurs. No benefits gained from consolidation outweigh the prejudice to the Defendants in both actions.

Furthermore, just as important to this issue, is Plaintiff's failure to acknowledge that the discovery deadline of September 1, 2005 has since lapsed in Starwood. The lapse of the discovery deadline, which was actually extended by this Court, is likely the reason that Plaintiff requests to have the two actions consolidated. Plaintiff had nearly two years of discovery in Starwood before filing the current action. Plaintiff's only explanation as

5

to why he waited almost two years to file a similar complaint against new defendants is that the decision was, "a result of information obtained by Plaintiff's counsel on the evening of the potential expiration of the three-year statute of limitations. <u>See</u> Pl.'s Mem. Of Pts. & Auth. In Support of Pl.'s Mot. To Consolidate, ¶ 3. By consolidating the cases, the Court would likely have to ignore Its own ruling that discovery would no longer be continued in the <u>Starwood</u> action, effectively extending the already lengthy discovery period in <u>Starwood</u> for the benefit of the Plaintiff.

As the Plaintiff has not provided any specific reasons why consolidation would be beneficial to judicial economy, because it appears that the reason Plaintiff would have the two actions consolidated is so that he may further expand his discovery efforts, and for the reasons stated below, the Plaintiff has failed to meet his burden of proof on the consolidation issue.

    2. **All of the Defendants Would be Materially Prejudiced if the Plaintiff is Allowed to Side-Step the Discovery Deadline this Court Imposed in <u>Starwood</u> Through Consolidation**

"***Where one case is ready for trial and the other case requires discovery and trial preparation, the cases should not be consolidated as a matter of sound judicial administration***." <u>See</u> <u>Frederick Wildman & Sons, Ltd. v. Wildman</u>, 1987 U.S. Dist. LEXIS 1771, *7 (S.D.N.Y.) (emphasis added) <u>citing</u> <u>Watkinson v. Great Atlantic & Pacific Tea Co., Inc.</u>, 585 F. Supp. 879, 883 (E.D.Pa. 1984).

In <u>Wildman</u>, a commercial building was severely damaged by a fire that was started by two unknown men who entered it with a guest of one of the tenants. In

February of 1984 the building's owner, Frederic Wildman & Sons, Ltd. (hereinafter "Wildman Ltd."), filed suit against the tenant, seeking damages in compensation for the property loss caused by the fire and later amended its complaint to include its property insurance company as its subrogee. Wildman, at *3. In March, 1985, Sun, an additional subrogee of Wildman Ltd., filed an almost identical property damage complaint against the tenant. Id. The pre-trial phases of those two actions were coordinated and discovery was completed in both. Id.

Two years after the first complaint was filed, the guest of the tenant (hereinafter "Crespo") initiated a lawsuit against Wildman Ltd. and the tenant for personal injuries that allegedly resulted from his interaction with the unknown men who set the fire. Id. at *4. At the time of Wildman, discovery had just begun in the Crespo action. Id. The tenant moved to consolidate the property damage and personal injury actions, arguing that time and money would be saved by avoiding two separate trials. Id. at *4-5. Crespo joined the tenant in arguing for consolidation. Id.

Although the U.S. District Court acknowledged that the requested actions involved two different causes of action (property damage versus personal injury), the crux of its decision involved a finding that, "consolidation would unduly delay trial of the property damage actions." Id. at *7. The Court stressed that discovery in the property damage cases had already been completed and the cases were essentially set for trial. Id. Crespo argued unsuccessfully that the discovery gap could be bridged by the tenant's cooperation in turning over the discovery materials and depositions that had been obtained in the property damage actions. Id. The Court rejected that notion with the observation that Crespo was not represented at the depositions in the property damage

actions and that his counsel would undoubtedly want to ask additional questions. Id. The Court denied the tenant's motion to consolidate the property damage actions with the personal injury action, even though they arose out of the same incident. Id. at *8-9.

Similarly, the Starwood action and the current action are at entirely different points in the litigation timeline. Discovery is complete in the Starwood action and this Court has ruled that there will be **no further continuances** allowed. It appears that the parties in Starwood are essentially set to go to trial. Yet discovery has only just begun in the underlying action. It would be unduly prejudicial to the Defendants in the Starwood action to have their day in court postponed because of the consolidation. They have been waiting for more than two years for the case to go to trial and their discovery efforts have surely been exhausted.

Further, the Defendants in the underlying action would be materially prejudiced if this action was consolidated into Starwood because they would not have a chance to expound discovery. The Plaintiff may attempt to argue that there would be no prejudice in consolidating the cases if discovery was allowed to proceed for the Defendants named in the underlying action and if he would turn over all discovery material gathered from the Starwood action. However, as in Wildman, the Defendants in the underlying action were not represented at any of the prior depositions taken in Starwood and their counsel would undoubtedly want to ask additional questions. The consolidation would materially prejudice the Defendants in the underlying action.

Also, the Defendants in the Starwood action may be entirely unaware that the Plaintiff is attempting to consolidate both actions. As such, those Defendants would not have the opportunity to argue against consolidation and would lose their right to the trial

that is surely scheduled for an earlier date than would be the case if the actions were consolidated.  And finally, as stated earlier, Plaintiff's request to consolidate the two actions is a poorly veiled attempt to side-step the discovery deadline that has lapsed in the Starwood case.   Thus, any consolidation would not be in the interests of judicial economy and would only serve to materially prejudice the Defendants in both the Starwood action and the underlying action.

**WHEREFORE**, for the foregoing reasons, the named Defendants, **STANDARD PARKING CORPORATION, STANDARD PARKING CORPORATION IL, STANDARD PARKING L.P. and APCOA, INC.**, respectfully request that this Honorable Court deny the Plaintiff's Motion to Consolidate.

Respectfully submitted,

 /s/ Jeffrey R. Schmieler
**JEFFREY R. SCHMIELER (# 035964)**
**SAMUEL N. SHAPIRO (# 471911)**
**SAUNDERS & SCHMIELER, P.C.**
8737 Colesville Road, Suite L-200
Silver Spring, Maryland 20910
(301) 588-7717

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD WRIGHT SIGMUND** | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:05CV01366<br>Judge: Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC., et al.** | * | |
| Defendants | * | |

### REQUEST FOR HEARING

The Defendants, **STANDARD PARKING CORPORATION, STANDARD PARKING CORPORATION IL, STANDARD PARKING L.P. and APCOA, INC.**, respectfully request a Hearing on their Opposition to Plaintiff's Motion to Consolidate.

Respectfully submitted,

/s/ Jeffrey R. Schmieler
**JEFFREY R. SCHMIELER (# 035964)**
**SAMUEL N. SHAPIRO (# 471911)**
**SAUNDERS & SCHMIELER, P.C.**
8737 Colesville Road, Suite L-200
Silver Spring, Maryland 20910
(301) 588-7717

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DONALD WRIGHT SIGMUND** | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1:05CV01366 |
| | | Judge: Ellen S. Huvelle |
| **CASSIDY & PINKARD, INC., et al.** | * | |
| Defendants | * | |

### ORDER

**UPON CONSIDERATION OF** the Opposition to Plaintiff's Motion to Consolidate filed by Defendants, Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking L.P. and APCOA, Inc., good cause having been shown, it is this _____ day of _____, 2005

**ORDERED**, that Plaintiff's Motion for Consolidation is hereby **DENIED**.

_____
**THE HONORABLE ELLEN S. HUVELLE**

Copies to:

Jeffrey R. Schmieler, Esquire
Samuel N. Shapiro, Esquire
**Saunders & Schmieler, P.C.**
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
**Attorneys for Standard Parking Corp.,
Standard Parking Corporation IL,
Standard Parking L.P., and Apcoa, Inc.**

Athanosios Basdekis, Esquire
Paul Cornoni, Esquire
Patrick M. Regan, Esq.
**Regan, Halperin & Long, PLLC**
1919 M. Street, NW
Suite 350
Washington, DC 20036
***Attorney for Plaintiff***

Steven Roy Migdal, I., Esquire
**Buck, Migdal & Myers, Chartered**
P.O. Box 2400
23 West Street
Annapolis, MD 21404
**Counsel for Cassidy & Pinkard, Inc.**, **et al.**

**Thomas Patrick Ryan, Esquire**
McCarthy Wilson
100 South Washington Street
Rockville, MD 20850
**Counsel for AGW & Associates, Inc.**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of foregoing Opposition to Plaintiff's Motion to Consolidate, Request for Hearing and proposed Order which was electronically filed in this case with the United States District Court for the District of Columbia, was mailed first class, postage paid this **14th** day of **September, 2005** to the following:

Athanosios Basdekis, Esquire
Paul Cornoni, Esquire
Patrick M. Regan, Esq.
**Regan, Halperin & Long, PLLC**
1919 M. Street, NW
Suite 350
Washington, DC 20036
*Attorney for Plaintiff*

Steven Roy Migdal, I., Esquire
**Buck, Migdal & Myers, Chartered**
P.O. Box 2400
23 West Street
Annapolis, MD 21404
**Counsel for Cassidy & Pinkard, Inc.**, et al.

**Thomas Patrick Ryan, Esquire**
McCarthy Wilson
100 South Washington Street
Rockville, MD 20850
**Counsel for AGW & Associates, Inc.**

                                                /s/ Jeffrey R. Schmieler
                                                Jeffrey R. Schmieler (# 035964)