UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD W. SIGMUND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1366 (ESH) |
| ) | |
| **CASSIDY & PINKARD, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sustained severe injuries when a pipe bomb exploded in his father's vehicle. It is undisputed that the bomb was put there by his stepbrother, Prescott Sigmund, who has since pled guilty and been sentenced. This event occurred in a parking garage located at 5225 Wisconsin Avenue, N.W., Washington, D.C. on July 12, 2002. Plaintiff originally initiated suit against only the property owner, Starwood Urban Retail, VI, LLC, the owner of the property where the explosion occurred, and his stepbrother. *See Sigmund v. Starwood Urban Retail, VI, LLC, et al.*, Civil Action No. 03-1507 (filed July 14, 2003) (ESH) (hereinafter "Starwood"). Subsequently, on July 8, 2005, plaintiff filed this suit claiming negligence, negligent infliction of emotional distress and gross negligence against Cassidy & Pinkard, the property manager; Standard Parking Corp., the operator and supervisor of the parking garage; APCOA, Inc., a company allegedly responsible for the management and security of the garage; and AGW & Associates, Inc., the entity allegedly responsible for the maintenance and repair of the parking garage door and/or vehicle entrance. According to plaintiff's complaint, the outside door of the parking garage had been broken for several weeks and the door was therefore left open and

unlocked by defendants, allowing persons to enter the garage after hours and on weekends. (Complaint, ¶ 21.)

Defendants AGW & Associates, Inc. and Cassidy & Pinkard, Inc. have both moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Cassidy & Pinkard also invokes Rules 16 and 19. Many of the issues raised by defendants were previously addressed in this Court's Memorandum Opinion and Order issued in *Starwood* on October 16, 2003. While neither party even addresses that Opinion, it sets forth the law governing a Rule 12(b)(6) motion and resolves most of the issues raised herein regarding the sufficiency of plaintiff's claims of negligence and whether plaintiff's complaint should be dismissed for failing to allege heightened foreseeability or for relying on injuries caused by an intervening criminal act of a third party. The Court need not repeat its discussion herein but incorporates by reference its decision in *Starwood*.

The only remaining issue raised by AGW & Associates that was not previously resolved by the Court's opinion in *Starwood* is the question of whether the law precludes suit against this defendant on the grounds that it had no duty of care to plaintiff. Contrary to defendant's argument, plaintiff's allegations that this defendant had a duty to make timely and adequate repairs to the garage door are sufficient under this Circuit's ruling in *Long v. District of Columbia*, 820 F.2d 409, 418-19 (D.C. Cir. 1987) (where a company has entered into a contract to perform services, it has a duty to foreseeable plaintiffs[1] to perform those services

---

[1] Also, as explained in *Starwood*, the issue of whether Sigmund is a foreseeable plaintiff cannot be decided as a matter of law. (*See* Mem. Op. at 5.)

with reasonable care) and the Restatement (Second) of Torts § 324A, which is cited with approval in *Long*, 820 F.2d at 419.

In sum, defendants' arguments regarding duty and foreseeability are simply not amenable to resolution in the context of a 12(b)(6) motion.

Defendant Cassidy & Pinkard also appears to seek dismissal on the grounds that plaintiff is pursuing two separate lawsuits based on the same factual scenario. While issues of collateral estoppel and res judicata could well come into play if there had been a final judgment on the merits in the *Starwood* action, that is not the case, so these doctrines provide no basis for a motion to dismiss. Moreover, this case and *Starwood* are pending before the same Court[2], and therefore, defendant's citations to cases where lawsuits are pending in different courts are of no relevance. Finally, any issues relating to the Scheduling Order entered in *Starwood* can be addressed in the context of plaintiff's motion to consolidate.

Accordingly, defendants' motions to dismiss [## 3, 4, 6 and 12] are **DENIED**.

                                                                                                               s/
                                            ELLEN SEGAL HUVELLE
                                            United States District Judge

Date: September 19, 2005

---

[2] Plaintiff's pending motion for consolidation will be addressed at the upcoming status hearing on September 22.