## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY S. STOTMEISTER, Individually and as Personal Representative of the Estate of FRANCIS C. STOTMEISTER, et al** | : <br> : <br> : <br> : <br> : |
| **Plaintiffs** | : <br> : |
| **vs.** | : <br> : |
| **CHERRY HILL CONSTRUCTION, INC.** | : **Civil Action No.** <br> : **1:05-cv-813 (RBW)** |
| **and** | : <br> : |
| **ALION SCIENCE AND TECHNOLOGY CORP.** <br> **and** | : <br> : <br> : <br> : |
| **M&M WELDING & FABRICATORS, INC.** | : <br> : |
| **and** | : <br> : |
| **DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY** | : <br> : <br> : |
| **and** | : <br> : |
| **UNITED STATES OF AMERICA** | : <br> : |
| **Defendants** | : |

## ANSWER OF DEFENDANT
## M&M WELDING & FABRICATORS, INC.

Comes now Defendant M&M Welding & Fabricators, Inc., by and

through its attorneys, McCarthy Wilson LLP and Thomas Patrick Ryan,

and for its Answer to Counts I through V of the Amended Complaint in this matter states:

## FIRST DEFENSE

That the Amended Complaint fails to state a claim upon which relief can be granted against this Defendant;

## SECOND DEFENSE

That the relief sought may be barred by the contributory negligence of the Plaintiff's decedent;

## THIRD DEFENSE

That the relief sought may be barred by assumption of risk on the part of Plaintiff's decedent;

## FOURTH DEFENSE

That the claim against this Defendant may be barred by the applicable statute of limitations;

## FIFTH DEFENSE

That all or part of the relief sought may be barred by workers' compensation immunity;

## SIXTH DEFENSE

That all or part of the relief sought may be barred by release;

## SEVENTH DEFENSE

That all or part of the relief sought may be barred by payment;

## EIGHTH DEFENSE

That all or part of the relief sought may be barred by accord and satisfaction;

## NINTH DEFENSE

That all or part of the relief sought may be barred by governmental immunity;

## TENTH DEFENSE

That this Defendant denies the causal relationship of any injuries or damages to the Plaintiff to any acts or omissions on the part of this Defendant;

## ELEVENTH DEFENSE

That the relief sought may be barred by the intervening or superseding acts of other persons or parties;

## TWELFTH DEFENSE

That the Plaintiff may lack the authority to sue as alleged;

## THIRTEENTH DEFENSE

That this Defendant pleads all defenses that may be available under the laws of the District of Columbia;

## FOURTEENTH DEFENSE

That although this Defendant denies any negligence, any conduct of this Defendant that allegedly caused or contributed to the occurrence was passive only which bars the relief sought;

## FIFTEENTH DEFENSE

That all or part of the relief sought may be barred by res judicata;

## SIXTEENTH DEFENSE

That all or part of the relief sought may be barred by collateral estoppel;

## SEVENTEENTH DEFENSE

That this Defendant is not required to admit or deny the jurisdictional allegations of Paragraph 1, 2, and 3 of the Amended Complaint; that is does not have sufficient information to admit or deny the allegations of paragraphs 4, 5, 6, 7, 8 and 9; that the allegations of paragraph 10, 11 and 12 are admitted;

That as to paragraph 13, the responses to the preceding paragraphs 1-12 are adopted, and this Defendant admits the allegation that Francis Stotmeister was an employee of Grunley-Walsh; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 14, 15, 16, and 17; that the allegations of paragraph 18 are denied; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28,29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41;

That as to the allegations of paragraph 42, this Defendant adopts its answers to the preceding paragraphs 1-41, and denies the remaining allegations of this paragraph; that this Defendant does not have sufficient

information to admit or deny the allegations of paragraphs 43 and 44 as to the other Defendants, but denies the allegations as to this Defendant; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 45 and 46; that the allegations of paragraph 47 are denied; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 48 and 49; that the allegations of paragraph 50 and the Claims for relief in Count I are denied;

That as to the allegations of paragraph 51, this Defendant adopts its answers to the preceding paragraphs 1 – 50, and does not have sufficient information to admit or deny the remaining allegations of paragraph 51; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 52, 53, and 54 as to the other Defendants, but denies these allegations as to this Defendant; that the allegations of paragraph 55 and the claims for relief in Count II are denied; that as to the allegations of paragraph 56, this Defendant adopts its answers to paragraphs 1-55; that this Defendant does not have sufficient information to admit or deny the allegations of paragraphs 57 and 58; that the allegations of paragraphs 59 and 60, and claims for relief in Count III are denied;

That as to the allegations of paragraph 61, this Defendant adopts its answers to the preceding paragraphs, and does not have sufficient information to admit or deny the remaining allegations of this paragraph; that the allegations of paragraph 62 and the claims for relief in Count IV are

denied; that as to the allegations of paragraph 63, this Defendant adopts its answers to the preceding paragraphs, and does not have sufficient information to admit or deny the remaining allegations of this paragraph; that the allegations of paragraph 64, and all claims for relief in Count V are denied;

## EIGHTEENTH DEFENSE

That this Defendant generally denies all liability and damages to the Plaintiffs.

WHEREFORE, Counts I through V of the Amended Complaint having been fully answered, this Defendant respectfully prays that it be dismissed with prejudice.

Respectfully submitted,

McCarthy Wilson LLP

by: _____/S/_____
Thomas Patrick Ryan (348862)
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770
Attorneys for Defendant,
M&M Welding and
Fabricators, Inc.

## JURY DEMAND

The Defendant M&M Welding and Fabricators, Inc. demands a trial by jury on all issues contained herein.



Thomas Patrick Ryan

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of September, 2005, a copy of the foregoing **Answer to Amended Complaint by M&M Fabricators, Inc.** was electronically filed and mailed first-class mail to the following:

William P. Lightfoot, Esq.
Koonz, McKenney, Johnson,
DePaolis & Lightfoot, LLC
2020 K Street NW
Suite 500
Washington DC 20006
Attorneys for Plaintiffs

Daniel R. Lanier, Esquire
Joseph L. Beavers, Esquire
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
Attorneys for Defendant, Alion Science and
 Technology Corp.

Erik D. Nadolink, Esquire
Anthony B. Taddeo, Jr., Esquire
LeClair Ryan, P.C.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23218-2499
Attorneys for Cherry Hill Construction, Inc.

Natalie O. Ludaway, Esquire
Mark S. Guberman, Esquire
Leftwitch & Ludaway, LLC
1400 K Street, NW, 10th Floor
Washington, DC 20005

John F. Henault, Esquire
Assistant United States Attorneys
555 4th Street, NW
Washington, DC 20530
Attorneys for United States of America

_____/s/_____

Thomas Patrick Ryan
