UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND          :

    Plaintiff                              :

    vs.                                     :     **Case No.: 1:05CV01366**
                                                Judge:  Ellen S. Huvelle

CASSIDY & PINKARD, INC., et al     :

    Defendants                           :

**DEFENDANT, AGW & ASSOCIATES, INC.'S
RESPONSE TO DEFENDANT STANDARD PARKING
CORPORATION et. al.'s MOTION FOR SUMMARY JUDGMENT**

Comes now the defendant, AGW & Associates, Inc., by and through its attorneys, McCarthy Wilson LLP, and Thomas Patrick Ryan, and in Response to Defendant Standard Parking Corporation, et. al's Motion for Summary Judgment states:

**I.**   **The Court has ruled on Motions to Dismiss previously filed on the foreseeability issue.**

The Court has now denied Motions to Dismiss filed by other Defendants on the issue of foreseeability of the criminal act that led to this occurrence. The Court having found that at this preliminary pleading stage there are sufficient allegations to go forward as to the other Defendants, the same ruling should apply as well to Defendant Standard Parking.

**II.    The contractual obligations of Standard Parking do not establish the limit of its duty of reasonable care as a matter of law.**

Contractual obligations of Standard Parking to provide parking services do not limit the extent of their legal obligation to the Plaintiff. To the extent that Plaintiff is able to prove that Prescott Sigmund gained access to the garage during the hours when Defendant Standard Parking had custody and control over the garage, then there is at least a factual dispute as to whether or not Standard Parking was an occupier of the garage at that time. If Standard Parking was an occupier of the garage then they had a duty to exercise reasonable care to persons lawfully upon the premises such as the Plaintiff. *See Bostic v. Henkles and McCoy, Inc.,* 748 A.2d 421 (D.C. App. 2000).

There would thus be a factual issue as to whether Standard Parking *owed* a duty to limit access to the garage only to persons properly present therein, or to oversee the garage operations so as to prevent the subject criminal activity.

For the foregoing reasons, Standard Parking's Motion for Summary Judgment should be denied.

          Respectfully submitted,

          McCARTHY WILSON LLP

By:     /s/ Thomas Patrick Ryan
        Thomas Patrick Ryan (348862)
        100 South Washington Street
        Rockville, MD 20850 (301) 762-7770 Attorneys for Defendant, *AGW &* Associates, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2005, a copy of the foregoing **Response to Defendant Standard Parking's Motion for Summary Judgment**, and proposed Order was electronically filed with the United States District Court for the District of Columbia, and a courtesy copy mailed, first-class, postage prepaid to:

Thanos Basdekis, Esquire
Paul Cornoni, Esquire
Regan, Halperin & Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036-3521
*Attorneys for Plaintiff*

Steven R Migdal, Esquire
23 West Street
P.O. Box 2400
Annapolis, Maryland 21404-2400
*Attorneys for Defendants, Cassidy & Pinkard, Inc.*
*and Cassidy & Pinkard Property Services, LLC*

Jeffrey R. Schmieler, Esquire
Samuel N. Shapiro, Esquire
Saunders & Schmieler, P.C.
8737 Colesville Road, Suite L-201
Silver Spring, MD 20910
*Attorneys for Standard Parking Corporation,*
*Standard Parking Corporation IL*
*Standard Parking LP and*
*Apcoa, Inc.*

                                                        /s/
                                        Thomas Patrick Ryan