## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND          :

    Plaintiff                  :

    vs.                        :    **Case No.:  1:05CV01366**
                                          Judge:  Ellen S. Huvelle

CASSIDY & PINKARD, INC., et al  :

    Defendants                 :

### ANSWER OF DEFENDANT, AGW & ASSOCIATES, INC.

Comes now Defendant, AGW & Associates, Inc., by and through its attorneys McCarthy Wilson LLP, Thomas Patrick Ryan and Jonathan R. Clark, and for Answer to the Complaint in this matter states:

### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief can be granted against this defendant;

### SECOND DEFENSE

That the relief sought may be barred by contributory negligence;

### THIRD DEFENSE

That the relief sought may be barred by assumption of risk;

### FOURTH DEFENSE

That all or part of the relief sought may be barred by the applicable statute of limitations;

**FIFTH DEFENSE**

That all or part of the relief sought may be barred by workers' compensation immunity;

**SIXTH DEFENSE**

That all or part of the relief sought may be barred by release;

**SEVENTH DEFENSE**

That all or part of the relief sought may be barred by payment;

**EIGHTH DEFENSE**

That all or part of the relief sought may be barred by accord and satisfaction;

**NINTH DEFENSE**

That this Defendant denies that the subject occurrence was reasonably foreseeable, which bars the relief sought;

**TENTH DEFENSE**

That the relief sought may be barred by the intervening or superseding acts of other persons or parties;

**ELEVENTH DEFENSE**

That this Defendant denies the causal relationship of any injuries or damages to the plaintiff to any acts or omissions on the part of this Defendant;

**TWELFTH DEFENSE**

That although this Defendant denies any negligence, any conduct of this Defendant that allegedly caused or contributed to the occurrence was passive only, which bars the relief sought;

**THIRTEENTH DEFENSE**

That this Defendant pleads all defenses that may be available under the laws of the District of Columbia;

**FOURTEENTH DEFENSE**

That this Defendant is not required to admit the legal and jurisdictional allegations of paragraphs 1 and 2 of the Complaint; that this Defendant has insufficient information to admit or deny the allegations of paragraphs 3, 4, 5, 6, 7, 8, and 9;

That the allegations of the first sentence of paragraph 10 are denied; that as to the allegations of the second sentence of paragraph 10, this Defendant admits that it was a foreign corporation authorized to do business in the District of Columbia, as alleged in that sentence; that this Defendant has insufficient information to admit or deny the allegations of paragraph 11 as to the other Defendants, but denies those allegations as to this Defendant; that the allegations of paragraphs 12 and 13 are admitted; that this Defendant has insufficient information to admit or deny the allegations paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24;

That as to paragraph 25, this Defendant adopts its answers to the preceding paragraphs 1 through 24, has insufficient information to admit or deny these allegations as to the other Defendants, but denies these allegations as to this Defendant; that as to paragraphs 26, 27, 28, 29 and 30, this Defendant has insufficient information to admit or deny these allegations as to the other Defendants, but denies these allegations as to this Defendant;

That as to the allegations of paragraph 31, this Defendant adopts its answers to the preceding paragraphs 1 through 30, has insufficient information to admit or deny the remaining allegations as to the other Defendants, but denies those allegations as to this Defendant; that as to paragraphs 32, 33, and 34, this Defendant has insufficient information to admit or deny the allegations as to the other Defendants, but denies these allegations as to this Defendant;

That as to paragraph 35, this Defendant adopts its answers to the preceding paragraphs 1 through 34, has insufficient information to admit or deny these allegations as to the other Defendants, but denies those allegations as to this Defendant; that as to paragraphs 36, 37, and 38, this Defendant has insufficient information to admit or deny the allegations as to the other Defendants, but denies those allegations as to this Defendant; that all claims for relief are denied;

## FIFTEENTH DEFENSE

That this Defendant generally denies all liability and damages to the Plaintiff.

WHEREFORE, the Complaint having been fully answered, this Defendant respectfully requests that it be dismissed with prejudice.

        Respectfully submitted,

        McCARTHY WILSON LLP

        _____
        Thomas Patrick Ryan
        100 South Washington Street
        Rockville, MD 20850
        (301) 762-7770
        fax (301) 762-9079
        Attorneys for Defendant,
        AGW & Associates, Inc.

## **JURY DEMAND**

Defendant, AGW & Associates, Inc., demands a trial by jury on all issues contained herein.

        _____
        Thomas Patrick Ryan

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of September, 2005, a copy of the foregoing **Answer of Defendant AGW & Associates, Inc. with Cross-Claim against Defendants,** was electronically filed with the United States District Court for the District of Columbia, and a courtesy copy mailed, first-class, postage prepaid to:

Thanos Basdekis, Esquire
Paul Cornoni, Esquire
Regan, Halperin & Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036-3521
*Attorneys for Plaintiff*

5

Steven R Migdal, Esquire
23 West Street
P.O. Box 2400
Annapolis, Maryland 21404-2400
*Attorneys for Defendants, Cassidy & Pinkard, Inc.*
*and Cassidy & Pinkard Property Services, LLC*

Jeffrey R. Schmieler, Esquire
Samuel N. Shapiro, Esquire
Saunders & Schmieler, P.C.
8737 Colesville Road, Suite L-201
Silver Spring, MD 20910
*Attorneys for Standard Parking Corporation,*
*Standard Parking Corporation IL*
*Standard Parking LP and*
*Apcoa, Inc.*

                                                Thomas Patrick Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD WRIGHT SIGMUND              :

    Plaintiff                                    :

    vs.                                          :    **Case No.:  1:05CV01366**
                                                                                                     Judge:  Ellen S. Huvelle

CASSIDY & PINKARD, INC., et al       :

    Defendants                             :

**CROSS-CLAIM OF AGW & ASSOCIATES, INC.**

Comes now the Defendant and Cross-Plaintiff, AGW & Associates, Inc., by and through its attorneys, McCarthy Wilson LLP, Thomas Patrick Ryan and Jonathan R. Clark, and files this Cross-Claim against Defendants and Cross-Defendants, Cassidy & Pinkard, Inc., Cassidy & Pinkard Property Services LLC, Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking, L.P., and Apcoa, Inc., and alleges:

    1.    That the Plaintiff has filed a Complaint in the above-captioned matter, alleging that he was injured as a result of an incident that occurred in the parking garage at 5225 Wisconsin Avenue, N. W., Washington, D.C. on or about July 12, 2002, when a vehicle which he was attempting to enter exploded;

    2.    That this Defendant denies any negligence on its part that caused or contributed to this occurrence, and denies all allegations of any wrong doing made by Plaintiff against this Defendant in this action;

    3.    That in the event that the Plaintiff establishes that any of the Defendants or Cross-Defendants were negligent, or that their actions caused or contributed to the subject occurrence, then this Defendant and Cross-Plaintiff alleges that the injuries or damages sustained by the Plaintiff were the result of the negligence of Cassidy & Pinkard, Inc., Cassidy & Pinkard Property Services LLC, Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking, L.P., and Apcoa, Inc., without any negligence on the part of this Defendant and Cross-Plaintiff contributing thereto;

    4.    That in the event that the Plaintiff should recover in this matter, then AGW & Associates, Inc., is entitled to indemnification or contribution from Cassidy & Pinkard, Inc., Cassidy & Pinkard Property Services LLC, Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking, L.P., and Apcoa, Inc.

    WHEREFORE, Defendant and Cross-Plaintiff, AGW & Associates, Inc. demands judgment against Cassidy & Pinkard, Inc., Cassidy & Pinkard Property Services LLC, Standard Parking Corporation, Standard Parking Corporation IL, Standard Parking, L.P., and Apcoa, Inc., for all or a contributable portion of any sums recovered by the Plaintiff, plus interest and costs.

        Respectfully submitted,

        McCARTHY WILSON LLP

        _____
        Thomas Patrick Ryan
        100 South Washington Street
        Rockville, MD 20850
        (301) 762-7770
        fax (301) 762-9079
        Attorneys for Defendant,
        AGW & Associates, Inc.

**JURY DEMAND**

Defendant, AGW & Associates, Inc., demands a trial by jury on all issues contained herein.

        _____
        Thomas Patrick Ryan

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of September, 2005, a copy of the foregoing **Cross-Claim of Defendant AGW & Associates, Inc.** was electronically filed with the United States District Court for the District of Columbia, and a courtesy copy mailed, first-class, postage prepaid to:

Thanos Basdekis, Esquire
Paul Cornoni, Esquire
Regan, Halperin & Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036-3521
*Attorneys for Plaintiff*

Steven R Migdal, Esquire
23 West Street
P.O. Box 2400
Annapolis, Maryland 21404-2400
*Attorneys for Defendants, Cassidy & Pinkard, Inc.*
*and Cassidy & Pinkard Property Services, LLC*

Jeffrey R. Schmieler, Esquire
Samuel N. Shapiro, Esquire
Saunders & Schmieler, P.C.
8737 Colesville Road, Suite L-201
Silver Spring, MD 20910
*Attorneys for Standard Parking Corporation,*
*Standard Parking Corporation IL*
*Standard Parking LP and*
*Apcoa, Inc.*

_____

Thomas Patrick Ryan